

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00112-CR

**VICENTE GARCIA,**

$\qquad$**Appellant**

 **v.**

**THE STATE OF TEXAS,**

$\qquad$**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2010-1458-C2**

## MEMORANDUM OPINION

Vicente Garcia was convicted of two counts of indecency with a child by contact and sentenced to 20 years in prison on each count. The victim, D.E., was the 14 year old daughter of Garcia's girlfriend. The trial court's judgment is affirmed as reformed.

Because the sufficiency of the evidence is not in question in this appeal, we do not discuss the facts of the case unless necessary in our review of Garcia's issues.

**HEARING ON MOTION FOR NEW TRIAL**

In his first issue, Garcia contends the trial court abused its discretion in failing to

conduct a hearing on Garcia's amended motion for new trial. Garcia alleged in his amended motion for new trial that trial counsel's assistance was ineffective because trial counsel 1) prevented Garcia from testifying, and 2) failed to call witnesses to present exculpatory evidence.

The State initially argues that Garcia failed to preserve error, if any, because he did not request a hearing on his amended motion for new trial. However, Garcia explicitly requested a hearing in his written prayer for relief. Although a separate request for a hearing might be helpful, the law does not require it. *Hobbs v. State*, 298 S.W.3d 193, 201 (Tex. Crim. App. 2009). "A specific written request (or an oral request made on the record) will suffice." *Id*. Thus, Garcia's issue is preserved.

The State also argues that Garcia did not establish in his motion the two prongs of the *Strickland* standard for proving ineffective assistance of counsel.[1] Before he will be entitled to a hearing on a motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that the defendant's counsel's representation fell below the standard of professional norms and that there is a reasonable probability that, but for his counsel's conduct, the result of the proceeding would have been different. *Smith v. State*, 286 S.W.3d 333, 340-341 (Tex. Crim. App. 2009); *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005) (denial of right to testify is still subject to the *Strickland*

---

[1] *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

prejudice analysis).

Garcia attached a lengthy affidavit to his motion for new trial explaining his side of the story, focusing on his relationship with D.E.'s mother and the accusation of Garcia touching D.E.'s breast at the laundromat. Also attached to the motion were affidavits from relatives of Garcia relating to the behavior of D.E.'s mother, her statements that she would get even with Garcia for breaking up with her, and the actions of D.E. after Garcia's arrest "like nothing ever happened." As to be expected, Garcia had a different version of the events at the laundromat; but two uninterested witnesses also testified that they saw Garcia inappropriately touch D.E. on her breast. Further, if the testimony from members of Garcia's family would be admissible, none contradicted the State's evidence; it was more addressed to the credibility of D.E. and her mother.

But, even if counsel's actions fell below the standard of professional norms, a finding we do not make, Garcia did not allege sufficient facts to reasonably conclude that, but for counsel's errors in failing to call him as a witness or failing to call other witnesses, the results of the proceeding would have been different. Thus, the trial court did not abuse its discretion in failing to hold a hearing on Garcia's motion for rehearing.

Garcia's first issue is overruled.

## JURY CHARGE

In his second issue, Garcia contends that he was egregiously harmed by a jury

instruction regarding unanimity of instances of criminal conduct.

Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011) (citing *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008)). This means that the jury must "agree upon a single and discrete incident that would constitute the commission of the offense alleged." *Id*. (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)).

Garcia was charged with one count of indecency with a child where the sexual contact alleged was the touching of D.E.'s breast. There were multiple instances of this type of contact introduced into evidence. He was also charged with indecency with a child where the sexual contact alleged was the touching of D.E.'s genitals. Only one such instance of this type of contact was introduced into evidence. The particular instruction about which Garcia complains is as follows.

> In this case, you may have heard evidence alleging multiple incidents of criminal conduct, if any, which may, individually, form the basis of a conviction for the same count. You are instructed that you must agree unanimously on which incident, if any, forms the basis for your conviction under a particular count as alleged in the indictment.

This instruction was given immediately before Count I which alleged Garcia touched D.E.'s breast. This is the count for which there was evidence of multiple instances that would support a conviction. This instruction, however, was not repeated before Count II which contained the allegation that Garcia touched D.E.'s genitals. This is the count

for which there was evidence of only one instance that would support a conviction.

Garcia focuses his appellate argument on the elements of an egregious error review. However, we must first decide whether it was "error" for the trial court to give the particular unanimity instruction before applying *Almanza's* egregious-harm standard for unobjected-to jury charge error. *See Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010); *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998) (*Almanza* does not apply unless the appellate court first finds error in the jury charge).

Though not directly stated in the issue, it appears that Garcia believes the particular charge was erroneous because it suggested there were multiple instances of Garcia touching D.E.'s genitals when there was only one such instance and several instances of Garcia touching D.E.'s buttocks. Garcia, however, provides no authority to support a finding that the instruction was erroneous. We do not believe the instruction could fairly be read to imply multiple instances that would support Count II and that the jury had to agree on one specific instance. His second issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

By his third issue, Garcia contends his trial counsel was ineffective in failing to make several objections, those being:

1. Failing to object to outcry testimony from D.E.'s mother;

2. Failing to object to outcry testimony from D.E.'s sister;

3. Failing to object to indirect hearsay and prior consistent statements by the supervisor of the child forensic examiner;

4. Failing to object to a diagram with words on it purportedly used by D.E. to describe her body parts at the forensic interview;

5. Failing to object to a jury instruction which allegedly suggested to the jury evidence of more than one incident of genital touching; and

6. Failing to object to a misstatement by the State during its closing argument regarding conduct that was not an act of genital touching.

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*: that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142.

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). Claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Id*. at 143 (citing *Bone v. State*, 77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002)). On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Id*.

(quoting *Bone,* 77 S.W.3d at 833 (quoting *Thompson v. State*, 9 S.W.3d 808, 813-814)).

In *Lopez,* an appeal from a conviction for aggravated sexual assault of a child, the appellant complained about counsel's failure to object to the testimony of three outcry witnesses and testimony regarding the credibility of the victim. The Court of Criminal Appeals held that the record was silent as to why trial counsel failed to make the objections and reversed the judgment of the court of appeals which had found counsel ineffective. *Id*. at 143-144. Like *Lopez*, here the record is silent as to why Garcia's trial counsel failed to raise any of the objections suggested by Garcia. The record could have been supplemented through a hearing on a motion for new trial, but these alleged deficiencies were not raised in Garcia's motion for new trial. Garcia has thus failed to meet his burden under the first prong of *Strickland*. We need not address the merits of the second prong.

Garcia's third issue is overruled.

### CORRECTED JUDGMENT

In his fourth and final issue, Garcia asserts that the judgments for Count I and Count II contain an erroneous statement that should be reformed. The judgments are titled, "Judgment of Conviction by Court—Waiver of Jury Trial." Garcia was tried by a jury. Garcia contends, and the State agrees, that the judgments should be reformed to be titled, "Judgment of Conviction by Jury." An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when

the matter has been called to its attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Garcia's issue is sustained. The trial court's judgment as to Count 1 is reformed to be titled, "Judgment of Conviction by Jury." The trial court's judgment as to Count II is also reformed to be titled, "Judgment of Conviction by Jury."

## CONCLUSION

Having sustained Garcia's fourth issue and reformed the judgments and having overruled each of Garcia's remaining issues on appeal, we affirm the trial court's judgments as reformed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed as reformed
Opinion delivered and filed February 14, 2013
Do not publish
[CR25]