

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0319-09

**ERIC CHARLES HOBBS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

COCHRAN, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, AND HOLCOMB, JJ., joined. WOMACK, J., concurred in the result.

### OPINION

The trial judge convicted appellant of the aggravated assault of his former brother-in-law. We must decide if the court of appeals erred in upholding the trial court's refusal of appellant's requests to (1) withdraw his jury waiver and (2) have a hearing on his motion for new trial.[1] We hold that appellant was not entitled to withdraw his jury waiver, but he was

---

[1] The issues granted were
(1)     Did the trial court violate Appellant's constitutional and statutory right to a jury trial by

entitled to a hearing on his motion for new trial because he raised matters not determinable from the record, upon which he could be entitled to relief.

I.

Appellant filed a jury-trial waiver on April 26, 2007.  When the judge called the case for a bench trial that same day, appellant's counsel said that he was "not ready" and asked for a continuance because (1) a critical fact witness (Reginald White) was not present as his mother was ill; and (2) counsel had just learned of "new evidence"–recordings of appellant's jailhouse telephone conversations with relatives–that counsel had not had a chance to listen to and that made appellant think "he'd be better served by a jury trial."

The prosecutor explained that the recordings were of calls from the jail in which appellant "talks about attempting to pay [the complaining witness, Bennett "Toby" Goodman] to lie, to pay the witness to not show up."  The prosecutor said that appellant

> also talks to [his ex-wife, Tajuana Hobbs] about not wanting her to speak to the D.A.'s office.  He makes comments to his aunt that are basically threats that he will deal with Tajuana because she's cooperating with the D.A.'s office.
> 
> He also makes threats towards the complaining witness [Toby Goodman], saying that he will let him know what time it is for the way he testified in the bond hearing.

The trial judge stated,

> Because of the nature of the conversation which sounds like may involve witness tampering and may involve an effort to make this witness unavailable

denying Appellant's request to withdraw his jury waiver? and
(2)    Did the trial court abuse its discretion when it failed to hold a hearing on the motion for new trial which alleged matters that were not determinable from the record?

to the Court, I'm going to allow the State to proceed to call this witness and allow you to–allow direct and cross-examination of this witness and then we'll recess for two weeks for you to review any evidence that was proffered to you today.

Defense counsel again asked for a jury trial, but the judge denied it, saying, "Your client was well aware.  He just didn't share it with you about these conversations if they actually did occur.  I'm going to deny that motion.  He's executed a waiver of his right to a jury."   Appellant then addressed the judge directly, expressing confusion that he could not have a jury trial.  The trial judge reiterated, "You have already waived that right."

The trial began, and the prosecutor called Toby Goodman, who testified that his sister, Tajuana Hobbs, is appellant's ex-wife. Mr. Goodman said that Reginald White and appellant picked him up one evening and asked him to go for a ride.  Mr. Goodman thought that they wanted him to re-wash appellant's car–something Mr. Goodman did to support his "habit." Appellant drove to a 7-Eleven store and next to a "money machine."  Then, instead of driving him home, appellant

> stopped the car in this like a wooded area.  No lights on, anything.  And he just got out of the car.  And he pulled a pistol out and he told me to get out and get out of my clothes.
> I said, "Man, what you talking about?"  He said, "Get out your clothes. I'm talking about right now."  I said, "Man, you tripping.  You tripping."

Appellant accused Mr. Goodman of taking his disposable camera.  After appellant shot his handgun in the air, Mr. Goodman pulled down his pants and got out of the car.

> Then [appellant] just got to talking and talking about . . . things him and ex-wife had been through and how we been plotting up on him and this and that.  And then he just shot at my foot.  I felt the bullet hit the side of my tennis

shoe but it didn't penetrate.
. . . .
> . . . I felt like he was real serious. I just started hollering and played like I was crying. "You done shot me. You done shot me."
>
> The other guy said, "You ain't shot him." He shot another round and it went across my head. He shot another one and it kind of like went across the side of my eye.
. . . .
> . . . He was saying, "I'm tired of this. I'm fittin' to put you away right now."

When a truck pulled up, appellant told Mr. Goodman to get back in the car, and he told White, "Hold the gun on him so he don't jump out." Appellant then drove Mr. Goodman home and went inside with him to look around. "[O]n his way out he started knocking things over" and asking, "Where is she? Where is she?" After appellant left, Mr. Goodman called 911. He explained that appellant later "told me if I called the police–he said, 'I got bond money and when I get out I'm going to light your ass up.'"

After cross-examination, the judge recessed the trial until October 18, 2007.[2] The State recalled Mr. Goodman who denied that he made up the story to get back at appellant for abusing his sister. He also explained that, before appellant's bond hearing he was, "in a roundabout way," urged to drop the charges. He said Tajuana told him that appellant was offering him $700 to drop the charges. Tajuana testified and confirmed that appellant called her from jail and told her to offer Mr. Goodman $700 to drop the charges.

Appellant called Reginald White who gave a very different account of the event.

---

[2] According to the prosecutor, the case was reset "numerous times" because either she or defense counsel were in trial and because defense counsel "has had problems listening to the tapes." And "this is why seven months later we're now continuing this trial before the Court."

White said that he and appellant picked up Mr. Goodman because he had taken a camera out of appellant's car after washing it. Mr. Goodman went with them to the 7-Eleven, and then they went back to his house, where appellant confronted him about the camera. Mr. Goodman and appellant fought. White denied that appellant told Mr. Goodman to take off his clothes or that appellant shot at him. White said Mr. Goodman just made it all up. The defense then recalled Mr. Goodman, who again denied that he had made the whole thing up.

The trial judge found appellant guilty, and, after finding two prior enhancements true and hearing evidence of other acts of misconduct, sentenced appellant to forty years in prison. Appellant timely filed a motion for new trial, alleging that his jury waiver "was neither knowing nor voluntary" and requested a hearing on his motion.

The trial judge denied the motion without a hearing. Appellant claimed on appeal that the court erred in denying his request to withdraw his jury waiver and in denying his request for a hearing on his motion for new trial. The court of appeals affirmed.[3]

II.

**A.     A trial court does not abuse its discretion in refusing to allow a defendant to withdraw his jury waiver absent a showing of "no adverse consequences."**

*1.     Jury waiver and withdrawals.*

A defendant has an absolute right to a jury trial.[4] As a matter of federal constitutional

---

[3] *Hobbs v. State*, No. 05-07-01476-CR, 2009 Tex. App. LEXIS 673 (Tex. App.—Dallas February 3, 2009) (not designated for publication).

[4] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" U.S. CONST. amend. 6. "The right of trial by jury shall remain

law, the State must establish, on the record, a defendant's express, knowing, and intelligent waiver of jury trial.[5]  Article 1.13 of the Code of Criminal Procedure sets out the required formalities of a jury-trial waiver in Texas.[6]  But once the defendant validly waives his right to a jury trial, he does not have an unfettered right to reassert that right.  Should the defendant who wants to withdraw his prior written waiver–and is seeking to change the status quo–have the burden to show an "absence of adverse consequences" from granting the withdrawal?[7]  Yes.  He must establish, on the record, that his request to withdraw his jury waiver has been made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State.[8]  A request to withdraw a jury waiver is addressed to the discretion of the trial court.[9]  If the defendant's claims are rebutted by the State, the trial court, or the record itself, the trial judge does not

inviolate." TEX. CONST. art. I, § 15 & TEX. CODE CRIM. PROC. art. 1.12.

[5] *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984) ("The Court of Appeals correctly noted that, as a matter of federal constitutional law, the State must establish through the trial record an express, knowing, and intelligent waiver of jury trial by a defendant."); *Samudio v. State*, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983).

[6] TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.").

[7] *See Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996) (plurality op.).

[8] *Id.*

[9] *Id.*

abuse his discretion in refusing to allow the withdrawal of the waiver.[10]

*2.       Appellant was not entitled to withdraw his jury waiver.*

As noted by the court of appeals, this record shows potential adverse consequences if the trial judge permitted appellant to withdraw his jury waiver and continued the case to allow for a jury trial.[11]  As the State argues, "The complaining witness was available to testify that day, but in light of petitioner's threats there is no guarantee that the complainant would have returned on another day to testify."[12]  Appellant failed to present either evidence or argument to assuage this legitimate concern.  Under these circumstances, the court of appeals correctly found that appellant failed to carry his evidentiary burden; thus, the trial court did not abuse its discretion in denying appellant's request to withdraw his waiver.[13]

Appellant points us to *Green v. State*,[14] in which the trial court granted the defendant's motion for continuance filed on the day of trial but simultaneously denied his request for withdrawal of the jury waiver.  The court of appeals held that, under those particular circumstances, "it was not reasonable for the trial court to have denied appellant's request to withdraw the jury waiver."[15]  The court stated,

---

[10] *Id.*

[11] *Hobbs*, 2009 Tex. App. LEXIS 673, at *4-5.

[12] State's Brief at 10.

[13] *Hobbs*, 2009 Tex. App. LEXIS 673, at *5.

[14] 36 S.W.3d 211, 213 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

[15] *Id*. at 215-16.

While no Texas court appears to have confronted the particular scenario now before us, appellate courts in other jurisdictions have found an abuse of discretion where the trial court grants a continuance but then refuses to permit withdrawal of the defendant's waiver of jury trial.[16]

Significantly, the court of appeals stated that "there is nothing in the record now before us to rebut appellant's claims that no adverse consequences would flow from the withdrawal of his waiver."[17] Because there was no suggestion that the State, the trial court, or the public would suffer any adverse consequence, the court of appeals held that the trial judge in *Green* abused his discretion in refusing to permit withdrawal of the jury trial waiver.[18]

But in the present case, appellant failed to show that withdrawal of his jury waiver would not cause any adverse consequence.[19] On the contrary, appellant's jailhouse phone conversations showed that he was trying to pay off the complaining witness. He had not yet succeeded. Granting his request for a continuance and withdrawal of his jury-trial waiver would have permitted him to continue his efforts. Thus, allowing appellant to withdraw his

---

[16] *Id.* at 215.

[17] *Id.* at 216.

[18] *Id.*

[19] *See Marquez v. State*, 921 S.W.2d at 223 (trial court did not abuse its discretion in refusing withdrawal of jury waiver where defendant sought the withdrawal on the day of trial and failed to show a lack of adverse consequences); *Taylor v. State*, 255 S.W.3d 399, 401-02 (Tex. App.—Texarkana 2008, pet ref'd.) (trial court did not abuse its discretion in refusing to permit jury waiver withdrawal because defendant failed to produce sufficient facts showing that no adverse consequences would result; although there were no witnesses who would be inconvenienced, "the trial court said that to allow the withdrawal of Taylor's jury waiver in these circumstances would 'wreck' the court's docket and would interfere with the orderly administration of the business of the court").

jury trial waiver could have impeded the administration of justice as well as prejudiced the State.[20]  To fairly accommodate all of the interests at stake, the judge decided to start the bench trial and memorialize the complaining witness's testimony before granting a mid-trial continuance for appellant to (1) subpoena his critical fact witness and (2) review the State's recordings of appellant's telephone conversations.  Under these circumstances, the trial judge did not abuse his discretion in refusing to allow the withdrawal of the jury waiver, even though he did grant the motion for continuance after the first witness's testimony.

**B.    A trial court abuses its discretion in refusing to have a hearing on a properly filed and presented motion for new trial that raises matters, upon which relief could be granted, that are not determinable from the record.**

1.    *New trial hearings.*

The purposes of a new trial hearing are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal.[21]  Such a hearing is not an absolute right.[22]  But a trial judge abuses his discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be

---

[20] *See Commonwealth v. Williams*, 553 S.E.2d 760, 765 (Va. 2001) (trial court did not abuse its discretion in denying defendant's request to withdraw jury-trial waiver where prosecutor opposed the request because the robbery victim was leaving the United States the following Monday to return to his native country for three months).

[21] *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009).

[22] *Id.*

entitled to relief.[23] This second requirement limits and prevents "fishing expeditions."[24] A new-trial motion must be supported by an affidavit specifically setting out the factual basis for the claim.[25] If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required.[26]

Although we have often said that a defendant need not plead a prima facie case in his motion for new trial,[27] he must at least allege sufficient facts that show reasonable grounds to demonstrate that he could prevail. For example, in *Smith v. State*,[28] we recently held that the defendant was not entitled to a hearing on his claim that trial counsel rendered ineffective assistance–in failing both to inform the defendant of his right to testify at his adjudication hearing and to introduce medical records into evidence–because he failed to establish reasonable grounds to demonstrate that he could meet the prejudice prong of the *Strickland*

---

[23] *Id.* at 338-39.

[24] *Id.* at 339. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) ("an unrestricted requirement of a hearing on matters not determinable from the record could lead to 'fishing expeditions'").

[25] *Smith*, 286 S.W.3d at 339. Of course, the factual basis could, as here, be incorporated by reference into the affidavit from the body of the motion.

[26] *Id.*

[27] *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) ("To be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit(s) 'need not establish a prima facie case' for a new trial.") (quoting *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)).

[28] 286 S.W.3d 333 (Tex. Crim. App. 2009).

test.[29]

Appellate courts review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion.[30]  As we explained in *Smith*,

> Our review . . . is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief.  This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied.  If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing.  In fact, under such circumstances the trial judge abuses his discretion in failing to hold a hearing.[31]

2.    *Appellant was entitled to a hearing on his motion for new trial.*

Appellant's verified motion for a new trial[32] stated, *inter alia*,

---

[29] *Id.* at 345.  *See also Lucero v. State,* 246 S.W.3d 86, 95 (Tex. Crim. App. 2008) (motions and affidavits alleging jury misconduct in considering Biblical scripture during the punishment phase deliberations did not entitle the defendant to hearing because he presented no reasonable grounds to suggest that the Bible reading affected the jury's verdict; the "brief reading of Biblical scripture, which was essentially an admonishment to follow man's law (and, therefore, duplicated what was already in the court's charge), occurred near the beginning of jury deliberations.  The affidavits submitted clearly indicate that the scripture had no effect on the jury's verdict rendered some hours later."), *cert. denied*, 129 S.Ct. 80 (2008); *Wallace*, 106 S.W.3d at 105-09 (motion and affidavits stating that "two new witnesses have come forward following the article in the Paris newspaper regarding the case, who both state that the assailant was Billy Ray Williams" were insufficient to warrant a hearing; "the strength of the prosecution's case was such that the new evidence suggested by the affidavits, even if true, was not compelling enough to probably bring about a different result in a new trial").

[30] *Smith*, 286 S.W.3d at 339.

[31] *Id.* at 340.

[32] The State asserts that appellant failed to preserve his complaint because he failed to (1) give the trial court actual notice that he desired to have a hearing, and (2) did not attach a supporting affidavit.  We agree with the court of appeals's implicit holding that appellant preserved his complaint.  First, appellant's motion for new trial ends with the specific and explicit request "that the Court grant a hearing on this Motion."  Second, appellant attached a

On or about February 15, 2007, Defendant was visited in jail by his trial court attorney James Belt. The attorney gave the Defendant a document and asked him to sign it without explaining it to him. Further, the Defendant was unable to read the document since he is illiterate. The Defendant signed it and handed it back to his attorney as requested. At a later meeting, Defendant's attorney informed Defendant that the paper he signed was in fact a jury trial waiver. The Defendant immediately insisted that the attorney not file the waiver and demanded a jury trial. Subsequently, at a hearing in April 2007,[33] the Defendant requested that the Court grant him a jury trial which was denied. . . .

Defendant hereby specifically requests that the Court grant a hearing on this Motion in the instant cause . . . .

On appeal, appellant argued that the trial court abused its discretion in denying his request for a hearing on his motion because his assertions in the motion–that (1) he is illiterate, (2) his counsel did not explain what the waiver was before asking him to sign it, and (3) he asked his counsel to not file the waiver once he learned the effect of the waiver–were "matters not

---

verification affidavit to the motion that swears to the truth of the statements made in the motion. *See Reyes*, 849 S.W.2d at 816 (motion for new trial must be supported by affidavit specifically showing the truth of the grounds alleged as a basis for a new trial). Some ten days later the trial judge denied the motion with a written order.

The State relies on *Rozell v. State,* 176 S.W.3d 228, 231 (Tex. Crim. App. 2005), but in that case the defendant simply never requested a hearing in his motion. Here, appellant explicitly requested a hearing in his written prayer for relief. The State argues that appellant was required to attach a separate order requesting a hearing. Although such an order might be helpful, the law does not require it. A specific written request (or an oral request made on the record) will suffice. The State also cites *Jordan v. State*, 883 S.W.2d 664 (Tex. Crim. App. 1994), in which we held that the affidavit–alleging nine allegations of ineffective assistance–was too vague and conclusory in nature to warrant a hearing. *Id.* at 665. The verified motion in this case paints a complete picture: if appellant's statements are in fact true, they would establish a constitutional violation. The present situation also differs from a third case cited by the State, *Alcott v. State*, 26 S.W.3d 1, 5 (Tex. App.—Waco 1999), *aff'd*, 51 S.W.3d 596 (Tex. Crim. App. 2001). There the only verification affidavit was from Alcott's counsel, who could not have personal knowledge of all of the facts alleged in the motion. Here, appellant himself swore under oath to the truth of the facts set out in his motion, facts that were within his personal knowledge.

[33] The parties agree that this is a reference to April 26, 2007, the first day of trial.

determinable from the record."  The court of appeals disagreed, stating, "Taken alone, these assertions might entitle Hobbs to relief, but taken in context with the motion and state of the record, they do not."[34]  The court of appeals explained,

> The motion . . . is silent as to what transpired between that "later meeting" when Hobbs insisted the waiver not be filed and the "April hearing"when the waiver was filed.  Hobbs makes no allegations that counsel filed the waiver that day against his wishes and the record reflects no surprise that the trial would be before the court.  Indeed, although afforded the opportunity to address the court to explain concerns he had, Hobbs made no claim that he was expecting a jury trial or that the jury waiver was filed without his consent or knowledge.[35]

But as appellant points out, the trial record does show surprise and fairly suggests appellant was expecting to have a jury trial:

Appellant:    I'm not eligible for no jury trial?

Court:        You have already waived that right.

Appellant:    I have to find my counsel–new counsel to have a jury trial, what you're saying?

Court:        You waived your right to jury trial.

Appellant also points out that the "silence" in the motion ought not extinguish his claim because "the motion need not reflect each and every component legally required to establish relief, rather, it must merely reflect that reasonable grounds exist for holding that

---

[34] *Hobbs*, 2009 Tex. App. LEXIS 673,  at *7.

[35] *Id.* at *8.

such relief could be granted."[36] We agree and add that appellant had no duty to try to rescind his waiver before the April hearing because it had not yet been filed with the trial judge. Further, appellant's counsel tried to withdraw the jury waiver as quickly as he could–the same day that it was filed, immediately after hearing about the existence of the jailhouse tape recordings.[37] Finally, appellant explicitly stated that "at no time" did he agree to waive his right to a jury trial. That "no time" would include the period between the time he signed the waiver and the time counsel filed it.

Appellant is entitled to put his side of the "jury waiver" story on the record. So is defense counsel. Only then can the trial judge make a credibility and factual determination. The motion for new trial in this case (1) raised matters that are not determinable from the record (the particulars of precisely what discussions took place with counsel regarding the jury waiver) and (2) established the existence of reasonable grounds showing that the defendant could potentially be entitled to relief (the right to a jury trial is a waivable-only right.)[38] This case is similar to *Martinez v. State*,[39] in which we held that the motion and

_____

[36] Appellant's Brief at 13.

[37] *See Hester v. State,* 267 S.W.3d 623, 239 (Ark. Ct. App. 2007) (trial court's decision to deny appellant's withdrawal request was abuse of discretion where defendant waived his right to a jury trial and then immediately changed his mind and decided to take his counsel's advice and request a trial by jury; there was no bad faith, no objection from the prosecutor and no indication that this would have caused any delay, inconvenience to witnesses, or prejudice to the State).

[38] *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system. . . . [I]f a defendant wants to relinquish one or more of them, he must do so expressly. His rights to the assistance of counsel and to a jury trial are of this kind. The State may not successfully put him to trial without counsel or jury merely because he voiced

affidavits–stating that trial counsel had failed to timely inform the defendant that the State had made a "four-year-imprisonment" plea-bargain offer–were sufficient to warrant a hearing. The motion for new trial (1) raised matters that are not determinable from the record (the "particulars of precisely when the plea offer was conveyed to defense counsel and the amount of time it remained available for acceptance") and (2) established the existence of reasonable grounds showing that the defendant could potentially be entitled to relief ("defense counsel's failure to inform the defendant of a plea offer can constitute ineffective assistance of counsel and warrant reinstatement of the plea offer").[40] Like Martinez, appellant was not engaged in a "fishing expedition."[41] There is but one claim, coupled with

no objection to the procedure. Rather, it must first obtain his permission by express waiver–waiver which is not sufficient in contemplation of the law unless it amounts to the intentional relinquishment or abandonment of a known right or privilege.") (internal cites and quotation marks omitted).

[39] 74 S.W.3d 19 (Tex. Crim. App. 2002).

[40] *Id.* at 22; *see also Ex parte Dunham*, 650 S.W.2d 825 (Tex. Crim. App. 1983) (erroneous legal advice that prevents a defendant from making an informed and conscious choice about whether to waive his right to a jury trial constitutes ineffective assistance).

[41]*Compare King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000) (motion for new trial contained five assertions: "1) the judgment is contrary to the law and evidence; 2) the State threatened prospective witness, Roy Lee Birnbaum, who had promised to provide favorable testimony on appellant's behalf, with a major sentence in another case if he testified; 3) the State denied appellant defensive information by intercepting mail between him and Russell Brewer; 4) the State exerted an improper influence on the jury because a Texas Ranger, who accompanied the jury at all times, was in regular communication with the jurors, and they had grown to like him; and 5) counsel provided ineffective assistance by failing to investigate appellant's assertions that he had an alibi defense and a witness who had seen that appellant had been dropped off in town on the night of the murder"; noting the potential for "fishing expeditions" and stating that facts failed to establish reasonable grounds for relief).

supporting facts–he did not intentionally relinquish his right to a jury trial.[42]  If appellant offers evidence that he did not make a voluntary and knowing jury waiver and the trial judge believes that evidence, he has established a constitutional violation reviewable under Rule 44.2(a).[43]  Appellant's verified motion was sufficient to put the trial judge on notice that reasonable grounds existed to believe that his jury waiver may not have been a knowing, and intelligent one.  Under these circumstances, the trial judge abused his discretion in refusing to hold a hearing.  We therefore reverse the judgment of the court of appeals and remand this case with instructions to abate the appeal and return the case to the trial court to conduct a hearing on appellant's motion for new trial.

Delivered: December 9, 2009

Publish

---

[42]For a waiver of a constitutional right to be valid the record must show that it was voluntarily and knowingly made.  *Robles v. State*, 577 S.W.2d 699, 703 (Tex. Crim. App. 1979). *See Patton v. United States*, 281 U.S. 276, 313 (1930) (an effective jury waiver requires an express and intelligent consent of the defendant).

[43]  *Cf. Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002) (where defendant alleges merely that there was no written jury waiver, and does not allege that there was no jury waiver at all, he alleges statutory error subject to harm analysis under Tex. R. App. P. 44.2(b)).