**Opinion filed October 9, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00124-CR

_____

### CHE PATRICE HUTCHINSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR21451**

## MEMORANDUM OPINION
## ON MOTION FOR REHEARING

Appellant asserts in his motion for rehearing that we did not fully address his contention regarding the withdrawal of his jury trial waiver. In this regard, he executed a written waiver of his right to a jury trial. Appellant signed the written jury trial waiver on October 25, 2011. It was also signed by Appellant's trial counsel, a prosecutor in the district attorney's office, and the trial judge and was

filed with the district clerk on October 25, 2011. The written waiver provided in relevant part as follows:

> Defendant voluntarily, intelligently, and knowingly waives his right to trial by jury as guaranteed to him by the Constitutions of the United States and of the State of Texas with full understanding that trial by jury is a valuable right. Defendant has discussed the waiver with his attorney and desires that this case be tried to the Court without benefit of jury.

The trial court notified the parties in a letter dated October 25, 2011, that the case was set for an open plea on January 31, 2012. Appellant and his trial counsel appeared before the trial court on January 31, 2012. Appellant's trial counsel advised the trial court at the outset of the hearing that Appellant desired to withdraw his waiver of jury trial. The trial court denied Appellant's request to withdraw his jury trial waiver. Appellant subsequently entered an open plea of guilty to the charged offense.

In his third point of error, Appellant asserted that the trial court should have allowed him to withdraw his previous jury trial waiver. He argued in his initial briefing that his jury trial waiver was invalid. In our original opinion, we interpreted Appellant's argument as solely a complaint about the validity of his jury waiver. We concluded that his jury wavier did not comply with all of the statutory requirements because it was not made "in person or in open court." However, we also determined that it did not constitute reversible error. Accordingly, we overruled his third point of error.

In his motion for rehearing, Appellant asserts that he had an absolute right to withdraw his jury trial waiver because it was invalid. We note that Appellant did not present the trial court with either of his contentions: that his jury trial waiver was invalid or that he had an absolute right to withdraw his jury trial waiver

2

because of its alleged invalidity. We held in *Beason v. State*, No. 11-11-00308-CR, 2013 WL 4715784, at *2–3 (Tex. App.—Eastland Aug. 30, 2013, no pet.) (mem. op., not designated for publication), that the failure to present a claim of a purportedly invalid jury trial waiver to the trial court results in the alleged error not being preserved for appeal. *See* TEX. R. APP. P. 33.1. The same principle would apply to Appellant's complaint on appeal that he had an absolute right to withdraw his jury trial waiver because he did not present this contention to the trial court. Accordingly, Appellant failed to preserve for appellate review his complaints of an invalid jury trial waiver and an absolute right to withdraw the purportedly invalid jury trial waiver.

Additionally, we disagree with Appellant's contention that he had an absolute right to withdraw his jury trial waiver. He premises this contention on a statement in *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009), wherein the court stated that "once the defendant *validly* waives his right to a jury trial, he does not have an unfettered right to reassert that right" (emphasis added). The court in *Hobbs* held that a defendant seeking to withdraw his jury trial waiver must show an "absence of adverse consequences" from granting the withdrawal. *Id.*

Appellant surmises that, if a defendant does not validly waive his right to a jury trial, he has an absolute right to withdraw his waiver. However, Appellant does not cite any authority in support of this proposition. Moreover, the defendant in *Hobbs* was in the same procedural posture as Appellant. The written waiver of jury trial in *Hobbs* was filed on the same day as the hearing wherein the defendant attempted to withdraw the waiver.[1] *Id.* at 195. Like the facts in this case, there

---

[1] As noted previously, Appellant's written jury trial waiver had been on file for approximately three months preceding the hearing wherein Appellant attempted to withdraw it. Accordingly, a great deal more time transpired in this case than in *Hobbs* between the filing of the jury trial waiver and the hearing wherein Appellant attempted to withdraw it.

3

was not an intervening court appearance wherein the waiver was made in person or in open court. Irrespective of this fact, the court in *Hobbs* determined that the defendant was still required to establish an absence of adverse consequences in order to establish error on the part of the trial court in denying the defendant's request to withdraw his jury trial waiver. Accordingly, we conclude that Appellant did not have an absolute right to withdraw his written jury trial waiver. Furthermore, the trial court did not abuse its discretion in refusing to allow the withdrawal of the waiver because there was no showing that there would not be any adverse consequences if the requested withdrawal were granted.

Appellant additionally contends that we did not address all of the matters wherein he alleged that trial counsel was ineffective. Appellant's second point of error addressed his ineffective assistance claim. He asserted numerous instances wherein trial counsel was purportedly ineffective. Among other things, Appellant contends that we did not address his contention that trial counsel failed to lodge an objection under TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (West Supp. 2014) to the State's offer of his custodial statement into evidence. In support of this contention, Appellant asserted as follows in his brief: "Appellant's statement was inadmissible because the prosecution offered no evidence to show that the recording device used was capable of making an accurate recording, the operator was competent, and the recording was accurate and had not been altered, as required by §3(a)(3)." Thus, Appellant is asserting that trial counsel should have objected to the State's alleged failure to make the proper predicate under Article 38.22, section 3(a) for the admission of Appellant's statement.

To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). We conclude that Appellant has not satisfied either of these prongs with reference to an objection under Article 38.22, section 3(a). Appellant's trial counsel may have believed that the State could have overcome a predicate objection and that, therefore, an objection would have been futile. Given the nature of the statutory elements cited by Appellant concerning capabilities of the recording device, the competency of the operator, and the accuracy of the recording, it would appear that the State could have easily overcome a predicate objection. For the same reason, there is not a reasonable probability that the result of the proceeding would have been different had trial counsel lodged a predicate objection under Article 38.22, section 3(a).

Appellant's motion for rehearing is denied.


JOHN M. BAILEY
JUSTICE


October 9, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5