COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ABATEMENT ORDER

Appellate case name:     Wade Harrell Thomson v. The State of Texas

Appellate case number:   01-20-00434-CR

Trial court case number: 18072 CT I - X

Trial court:             12th District Court of Grimes County

Appellant, Wade Harrell Thomson, has filed a motion requesting that we abate this appeal and remand the case to the trial court to hold an evidentiary hearing and rule on appellant's motion for new trial. More than ten days have elapsed since the filing of the abatement motion with our Court, and a response has not been filed. *See* TEX. R. APP. P. 10.3(a). We grant the motion.

### Discussion

The judgment and sentence in this case were imposed on May 20, 2020. Appellant filed a notice of appeal on May 21, 2020. On July 15, 2020, appellant filed a motion for new trial asserting newly discovered *Brady* evidence. On July 17, 2020, the trial court issued an order requesting that the parties files responses regarding (1) whether the trial court has jurisdiction to hear a motion for new trial after a notice of appeal and the appellate record have been filed and (2) the timeliness of the motion for new trial filed on July 15, 2020. Because the filing of the notice of appeal and the appellate record deprived the trial court of jurisdiction to consider the motion for new trial, on July 20, 2020, appellant filed his motion with our Court requesting that we abate this appeal and remand the case to the trial court to hold an evidentiary hearing and rule on the motion for new trial.

Under Texas Rule of Appellate Procedure 21.4(a), appellant's motion for new trial was due by June 19, 2020. *See* TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). Prior to the deadline, on May 26, 2020, the Texas Supreme Court issued its Seventeenth Emergency Order Regarding the COVID-19 State of Disaster. Paragraph 3(a) of the Seventeenth Emergency Order authorizes all Texas courts to modify or suspend deadlines—whether prescribed by statute, rule or order—for civil and criminal cases (except in child-welfare cases) for a stated period no later than September 30, 2020. This provision was renewed in the Eighteenth Emergency Order issued on June 29, 2020. Thus, upon abatement and remand of this case to the trial court, the trial court may consider appellant's motion for new trial by extending the filing deadline.

**Abatement**

Accordingly, we **grant** appellant's motion, abate this appeal, and remand the case to the trial court. *See* TEX. R. APP. P. 43.6, 44.4; *Hobbs v. State*, 298 S.W.3d 193, 203 (Tex. Crim. App. 2009) (reversing court of appeals and remanding "case with instructions to abate the appeal and return the case to the trial court to conduct a hearing on appellant's motion for new trial"). On remand, the trial court shall conduct a hearing on appellant's motion for new trial within **30 days** of the date of this order.

The trial court shall have a court reporter, or court record, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders, including the order granting or denying a new trial, with this Court within **30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within **30 days** of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing on the motion for new trial are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: ____/s/ Sarah B. Landau_____
                              Acting individually


Date: __September 17, 2020_____