**Affirmed and Memorandum Opinion filed August 20, 2024**



In The

# Fourteenth Court of Appeals

NO. 14-22-00748-CR

**HIPOLITO TORRES GALICIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCR-089026**

## MEMORANDUM OPINION

Hipolito Torres Galicia was charged by indictment with the offense of aggravated sexual assault of a child, a first-degree felony. Tex. Penal Code § 22.021. Galicia filed a written jury waiver, which was signed by him, his trial counsel, and the State. The trial court signed an order consenting and approving the written waiver, stating that the waiver was made "in person and in open court." Galicia pleaded not guilty, and the case proceeded to trial. The trial court appointed a Spanish-language interpreter, who was duly sworn, to assist Galicia with

understanding the proceedings. After both parties rested, the trial court found Galicia guilty of aggravated sexual assault of a child, as charged in the indictment, and assessed punishment at 30 years in prison.

On October 7, 2022, Galicia filed a pro se motion for new trial, arguing that his trial counsel was ineffective. In his motion, Galicia alleged the State and his trial counsel reset the trial date "over and over," resulting in him accepting a bench trial "out of frustration." On October 14, Galicia filed a motion for direct appeal, re-urging his ineffective assistance claim. He also argued that the State did not disclose exculpatory evidence and the evidence was legally and factually insufficient to support his conviction. Finally, on October 18, Galicia filed a pro se notice of appeal.

In his appellate brief, Galicia raises two issues not alleged in his motions for new trial or for direct appeal. As his first issue, Galicia contends he did not effectively waive his right to a jury trial, alleging that his waiver was in writing but was not made in open court. In his second issue, Galicia complains that he was denied an interpreter. Because we find no merit in Galicia's arguments, we affirm the judgment of the trial court.

### *Jury Waiver*

In his first issue, Galicia argues that he did not knowingly and intelligently waive his right to a jury trial.[1] Galicia contends that there is a structural error in the judgment because the jury waiver he executed was signed outside of court without the use of an interpreter and was not made intelligently or voluntarily. As a result,

---

[1] Although no party has raised this issue, it is important to discuss error preservation. A litigant's rights usually fall into three categories: (1) systematic requirements and prohibitions, (2) waivable-only rights, and (3) forfeitable rights. *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993). Generally, an error that is not preserved is waived, but Rule 33.1 does not apply to complaints about systematic requirements and prohibitions or waivable-only rights. *See Rios v. State*, 665 S.W.3d 467, 477 (Tex. Crim. App. 2022). The right to a jury trial is a waivable-only right that can be raised for the first time on appeal. *Id.*

Galicia asserts that his constitutional rights were violated. For the reasons set forth below, we conclude that Galicia has not established constitutional error.

In assessing legal issues, courts give great deference to the trial court's findings of historical fact. *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004). But, questions involving legal principles, such as waiving the right to a jury trial, and the application of that law to the established facts are reviewed de novo. *Ragan v. State*, 608 S.W.3d 854 (Tex. App.—Waco 2020, pet. ref'd). A defendant has an absolute right to a jury trial. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). The right to a jury trial at the guilt stage is both a statutory right and a constitutional right. *Id.* "As a matter of protecting a defendant's constitutional right to a jury trial, the State must establish on the record an express, knowing, and intelligent waiver." *Munguia v. State*, 636 S.W.3d 750, 757 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Hobbs*, 298 S.W.3d at 197). Article 1.13(a) sets out the required formalities of a jury waiver in Texas. *See* Tex. Code Crim. Proc. art. 1.13(a). "[T]he waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state." *Id.*

A defendant also has the right to waive his right to trial by jury, but "once the defendant validly waives his right to a jury trial, he does not have an unfettered right to reassert that right." *See Hobbs*, 298 S.W.3d at 197; *see also Adams v. United States*, 317 U.S. 269, 275 (1942). Courts have considered many factors when determining whether a jury trial waiver was knowing and intelligent. *See Rios v. State*, 665 S.W.3d 467, 479 (Tex. Crim. App. 2022). These factors include: (1) whether the defendant knew about his right to a jury and the nature of the right; (2) whether the defendant executed a written jury waiver; (3) whether the trial court admonished the defendant about his right to a jury; (4) the defendant's education,

3

background, and legal sophistication; (5) the level of defendant's involvement in his defense; (6) his ability to understand courtroom discussion regarding waiver of a jury; (7) discussions with trial counsel about the right to a jury; (8) what language the defendant understands and the presence of an interpreter if not English; (9) the lack of an objection before or shortly after the bench trial began; and (10) whether there is a docket entry indicating that the defendant expressly waived his right to a jury on the record. *See id.* at 480–82 (citing *Hobbs*, 298 S.W.3d at 197). A jury waiver is never presumed from a silent record. *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984).

Considering the factors applicable to the facts of the case before us, Galicia expressly, knowingly, and intelligently waived his right to a jury trial. It is unclear to what extent Galicia understands English, but the record reflects that the trial court appointed a Spanish-language interpreter to assist him with understanding the proceedings, and the interpreter was present throughout the entire trial. Galicia concedes that he executed a written jury waiver after consulting with his attorney. *See Rios*, 665 S.W.3d at 480 (providing that a written jury waiver is considered when determining whether the defendant knew about his right to a jury trial and the nature of the right). By executing a written jury waiver, Galicia demonstrated that he understood and accepted the nature of his right but nonetheless elected to have a bench trial. Indeed, Galicia's words and actions, especially his post hoc actions, lend credence to the fact that he waived his right to a jury trial. *See id.* at 481. His pro se motion unequivocally states that he accepted a bench trial "out of frustration" because his trial date was reset "over and over" by the State and his trial counsel. The pro se motions submitted by Galicia were in English and purportedly signed under penalty of perjury. We offer no opinion on this trial strategy, but we do note that Galicia's voluntary and intelligible actions suggest that he knowingly elected to

waive his right to a trial by jury because he was incarcerated during the pendency of his trial.

Though Galicia disputes that the jury waiver was discussed in open court, the record reflects that the trial court accepted Galicia's waiver, and the recitations in an order signed by the trial court indicate that this waiver was made in person and in open court. Galicia also claims that he did not waive his right to a jury trial because the trial court did not admonish him of his right to a jury trial. However, Galicia filed a written jury waiver prior to the commencement of trial, and there is no evidence that he ever sought to withdraw his waiver. The record also reflects that Galicia participated in his defense by testifying at trial. *See id.* Notwithstanding his testimony that he was not educated enough to defend himself, Galicia understood the testimony offered against him well enough to deny its truthfulness and insist that the witnesses were "lying" and "contradicting" each other.

Galicia also maintains that he did not waive his right to a jury trial because there is no docket entry indicating that he expressly waived his right to a jury trial on the record and that waiver was voluntary, knowing, and intelligent. Even so, this is one of many factors considered. Considering other relevant factors, the record reflects that Galicia never objected to the bench trial or otherwise expressed his desire to exercise his right to trial by jury after executing the written waiver. *See id.* at 482 (providing that the lack of an objection before or shortly after the bench trial begins is a factor considered in determining whether a jury trial waiver was knowing and intelligent). The record also reflects that the trial court entered findings of fact and conclusions of law, stating that Galicia, with the assistance of his trial counsel and the approval of the State, filed a written waiver of jury trial, which was approved and accepted by the trial court. A trial court's findings are afforded almost total deference when, as here, they are supported by the record. *Id.* at 478 (citing *Guzman*

*v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)). In this case, the trial court's findings are supported by the record because Galicia acknowledges that he filed a written jury waiver, and the trial court entered an order accepting this waiver.

To the extent that Galicia raises a statutory error, we analyze harm under Rule 44.2(b). *See* Tex. R. App. P. 44.2(b) (providing that error "that does not affect substantial rights must be disregarded"). In *Johnson v. State*, the supreme court held that the trial court's failure to obtain a written jury waiver from the defendant was harmless error when the judgment recited that the defendant "waived trial by jury." 72 S.W.3d 346, 349 (Tex. Crim. App. 2002). In this case, we need not consider the recitals in the judgment because the record contains a written jury waiver executed by Galicia, his trial counsel, and the State. As stated, the trial court signed an order consenting and approving the written waiver. In the absence of direct proof of falsity, we must presume the statements made in the written waiver are correct. *See id.* Therefore, Galicia was not harmed by any potential statutory violations of article 1.13 when the record reflects that he was aware of his right to a jury trial and opted for a bench trial. *See id.*

Accordingly, we overrule Galicia's first issue.

### *Interpreter*

As his second issue, Galicia complains that the trial court committed reversible error by denying him an interpreter. In his appellate brief, Galicia acknowledges that the trial court appointed a Spanish-language interpreter to assist him with understanding the trial proceedings, and the interpreter was sworn at the commencement of trial. However, Galicia contends that the trial court was put on "direct notice" that he was hearing impaired but did not appoint an appropriate interpreter.

Decisions as to interpretive services fall within the trial court's sound discretion, and appellate courts will not reverse them absent a clear abuse of that discretion. *See Linton v. State*, 275 S.W.3d 493, 503 (Tex. Crim. App. 2009). The Code of Criminal Procedure sets forth the trial court's obligation to appoint an interpreter for defendants and witnesses who are deaf or do not understand and speak English. *See* Tex. Code Crim. Pro. art. 38.30(a) (for "a person charged or a witness [that] does not understand and speak the English language"), 38.31(a) (for a defendant or witness who is deaf). These statutes implement the constitutional right of confrontation, which includes the right to have trial proceedings presented in a way that the accused can understand. *See Linton*, 275 S.W.3d at 501. Under these statutes and the relevant constitutional provisions, the trial court has a duty to devise a communication solution that provides the particular defendant with "that minimum level" of understanding that is constitutionally required. *See id.*

The record demonstrates that the trial court appointed a Spanish-language interpreter for Galicia. Galicia asserts that the trial court should have been aware of his hearing impairment based on his testimony during his cross-examination. He testified through a Spanish-language interpreter, as follows:

> THE WITNESS: Whenever I speak - - oh, okay. The thing is that I need to see the interpreter's lips because I am hard of hearing.
>
> THE COURT: That's fine, then you come over here, because I need to see his face too. No, no, you, Mr. Interpreter, just come over here.
>
> THE INTERPRETER: Okay.
>
> THE COURT: So that he can speak this way and I can actually see something other than the back of his head.

Galicia insists that this exchange put the trial court on notice that he suffered from a hearing impairment. Taken in context, this exchange did not rise to the level of giving fair notice to the trial court that Galicia was deaf. *See* Tex. Code Crim.

7

Proc. art. 38.31(g)(1) (defining a deaf person as "a person who has a hearing impartment . . . that inhibits the person's comprehension of the proceedings or communication with others"). Indeed, the record establishes that whatever hearing difficulties Galicia may have experienced did not prevent him from responding to questions or taking part in his defense. Neither Galicia nor his trial counsel ever told the trial court that he could not participate in the proceedings due to a hearing impairment or that he required additional assistance in understanding or participating in the trial. The only time that Galicia indicated any hearing difficulties was when he stated that he needed to see the interpreter's lips, and the trial court promptly remedied the concern by repositioning the interpreter.

Given the trial court's discretion in determining the need for interpretive assistance for defendants and witnesses during trial, the trial court reasonably could have concluded that any hearing difficulties Galicia may have suffered did not prevent him from participating in the trial. *Jaimes v. State*, 611 S.W.3d 78, 83 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). The trial court could have also reasonably concluded that Galicia was hard of hearing but was not deaf. *See id.*

Accordingly, we overrule Galicia's second issue.

## *Conclusion*

We affirm the judgment of the trial court.

/s/ Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).