**Opinion issued March 19, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

————————————

## NO. 01-24-00382-CR

————————————

**QUINTON JERMAINE WILSON, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1748455**

---

## MEMORANDUM OPINION

After a bench trial, the trial court convicted appellant Quinton Jermaine Wilson of first-degree murder and sentenced appellant to 35 years' imprisonment. TEX. PENAL CODE § 19.02. In his sole issue, appellant contends that he did not expressly, knowingly, and intelligently waive his right to trial by jury. We overrule

appellant's sole issue because the record demonstrates that appellant waived his right to trial by jury orally and in writing and that he did so knowingly and intelligently. We affirm the trial court's judgment.

## Background

On April 22, 2022, appellant was charged by indictment with the murder of Giovanie Thompson. On May 16, 2024, the trial court held a hearing regarding appellant's waiver of his right to trial by jury. Appellant was present with his counsel. At the start of the hearing, the trial court stated, "I want the record to reflect that Mr. Wilson has been set for trial to begin today; however, I understand that the defendant has opted for a court trial and that the State has agreed to waive a jury; is that right?" Counsel for the State and appellant's counsel acknowledged that was correct. Appellant's counsel further added:

> And I wanna put on the record that I've advised him of all his rights on this, a right to a trial by jury, what a jury can do and what they cannot do, and that he believes it is in his best interest to do a court trial, therefore, ensuring that the Judge, if he is found guilty, would assess punishment.

The trial court then engaged in the following colloquy with appellant:

THE COURT: So, Mr. Wilson does stand charged with the first-degree felony offense of murder. And, Mr. Wilson, it's your desire and wish to have a court trial to me?

MR. WILSON: Yes, ma'am.

THE COURT: Okay. And so — all right. And then, it's your decision and choice that — to come to me for punishment as well, right?

2

MR. WILSON: Yes, ma'am.

THE COURT: Okay. 'Cause as a court trial, then I would decide the punishment. All right. And I did explain to you before we went on the record that the range of punishment is 5 years to 99 years or life, correct?

MR. WILSON: Yes, ma'am.

THE COURT: All right. And the State had offered you 40 years, and you declined that, correct?

MR. WILSON: Yes, ma'am.

THE COURT: And I believe your counter was 10 or 15 or something like that.

[APPELLANT'S TRIAL COUNSEL]: We got to 15, Your Honor.

THE COURT: You got to 15. And you understand that I can give you anywhere from 5 years to 99 years or life? Do you understand that?

MR. WILSON: Yes, ma'am.

THE COURT: Okay. Of course, I haven't heard anything, and these are allegations, but I just wanna make sure that you understand that, and that we're clear, and that you do want a court trial; is that correct?

MR. WILSON: Yes, ma'am.

THE COURT: All right. So you do want a court trial?

MR. WILSON: Yes, ma'am.

Following this exchange, the State arraigned appellant. After the arraignment, the trial court presented appellant with a written "Waiver of Trial by Jury in Offense Less Than Capital," and discussed it with him:

THE COURT: Now, what I have in my hands for the record is a waiver of a trial by jury in an offense less than capital murder, and what this means is that you are agreeing to come to me, and the State's agreeing to allow you to come to me instead of having a jury trial, which is your constitutional right. Do you understand that?

MR. WILSON: Yes, ma'am.

THE COURT: Okay. And I just wanna make sure that you understand that you're giving up the right to a jury trial to come to me, and that's what you wanna do, correct?

MR. WILSON: Yes, ma'am.

The trial court then read the written waiver to appellant on the record. The waiver stated, in part, that appellant

in person and in writing in open court, and with the consent and approval of the Court and with the written and signed consent and approval of the attorney representing the State, and prior to entering a plea herein, and having been informed of the defendant's right to a trial by jury, waives the right to trial by jury, and chooses to have the issue of guilt determined by the judge. . . . The above waiver of trial by jury having been intentionally, knowingly and voluntarily made by the defendant and approved by the attorney representing the State, prior to entering of a plea herein, is approved by the Court and is ordered filed in the papers of this cause.

The appellant, counsel for the State, appellant's counsel, and the trial court all signed the written waiver, and appellant acknowledged his signature on the record.

On May 21, 2024, the trial court found appellant guilty following a bench trial and sentenced him to 35 years' imprisonment. The following day, the trial court certified appellant's right of appeal, and appellant filed a notice of appeal. In the notice of appeal, which is a pre-prepared form with blank spaces to be filled in or

4

marked, appellant's trial counsel selected the box that read "The undersigned attorney . . . MOVES to withdraw," and appellant selected the box that read "The defendant . . . REPRESENTS to the court that he is presently INDIGENT and ASKS the court to immediately APPOINT appellate counsel to represent him." The trial court granted the motion to withdraw and found appellant indigent. On July 22, 2024, the trial court appointed appellate counsel to represent appellant.[1]

**Waiver of Jury Trial**

Criminal defendants have an absolute constitutional right to a trial by jury. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009); U.S. CONST. amend. VI. To waive this right, a criminal defendant must do so expressly, knowingly, and intelligently on the record. *Guillett v. State*, 677 S.W.2d 46, 49 (Tex. Crim. App. 1984). Article 1.13 of the Texas Code of Criminal Procedure also requires a written waiver of the defendant's right to a jury trial "in open court." TEX. CRIM. PROC. CODE art. 1.13(a).

Prior to the May 16, 2024 hearing, appellant's counsel explained to appellant his right to a trial by jury. On the record, after the trial court admonished appellant and confirmed his waiver, appellant orally waived his right to a trial by jury.

---

[1] After appellant filed his brief, the State submitted a request to supplement the reporter's record. On April 17 and April 25, 2025, respectively, supplemental clerk's and reporter's records were filed. Those supplemental records included appellant's written and oral waivers of his right to trial by jury.

5

Following the arraignment, the trial court again confirmed that appellant desired to waive his right to a trial by jury, read the written waiver aloud to appellant, and had appellant orally acknowledge his signature on the written waiver. The record demonstrates that appellant expressly, knowingly, and intelligently waived his right to a trial by jury. *See Ragan v. State*, 608 S.W.3d 853, 855 (Tex. App.—Waco 2020, pet. ref'd) (holding that appellant waived jury trial where he signed written waiver and orally waived jury trial following on-the-record admonishment by his counsel, even though trial court did not engage in colloquy with defendant); *Martinez v. State*, 449 S.W.3d 193, 199-200 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (holding that foreign-language appellant waived jury trial where court-appointed interpreter read written waiver to him, appellant signed waiver, and trial court engaged in colloquy with appellant who orally affirmed waiver through interpreter).

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).