

NUMBER 13-14-00044-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN HALL,                                                              Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

**On appeal from the 66th District Court
of Hill County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, John Hall, guilty of the offense of state-jail-felony theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4) (West, Westlaw through Ch. 46 2015 R.S.). The trial court sentenced Hall to five years' probation and ordered him to pay restitution in the amount of $19,900 as a condition of his probation. Hall filed a motion for new trial alleging that the trial court improperly excluded evidence that was relevant and favorable to his defense; he also requested a hearing on the

motion. The trial court denied Hall's motion for a new trial without a hearing. By one issue, Hall contends that the trial court erred in not holding a hearing before denying his motion for new trial. We affirm.

## I.    Background[1]

Hall, a home contractor, contracted to build a home for Mike Carmen in the fall of 2010. Carmen gave Hall $21,000, which was supposed to be paid to Somervell Floors to buy building materials for the project. Shortly thereafter, Somervell Floors delivered the materials to Carmen, but Hall never paid Somervell Floors for the materials. Somervell Floors filed a complaint with the police. After investigating the matter, the State charged Hall with theft.

Prior to trial, the State presented a motion in limine to the trial court. This motion in limine sought to prevent Hall from introducing evidence that he filed for bankruptcy after becoming indebted to Somervell Floors. The State argued that Hall's subsequent bankruptcy was irrelevant to any issue in the case. Hall responded that this evidence was probative of his lack of intent to commit theft. After hearing the arguments of the parties, the trial court granted the State's motion in limine but advised Hall that "[a]s the evidence comes out [at trial], I'm certainly willing to revisit with you [.]"

Hall testified in his defense at trial. When Hall's testimony broached the subject of his bankruptcy, the following exchange occurred:

> State: Your Honor, may we approach please?
>
> (At the Bench; on the record)
>
> Defense counsel: Is it the bankruptcy?

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.)

State: That's what he was about to say.

Defense counsel: Okay.  Let me just rephrase that.

Trial Court: You all need me?

Defense counsel: Your Honor, I'll rephrase that question.

Hall resumed his testimony on a matter unrelated to bankruptcy.  He never obtained a ruling from the trial court on whether evidence of his bankruptcy would have been admissible.  At the close of the evidence, the jury found Hall guilty of state-jail-felony theft.

Thereafter, Hall filed a motion for new trial alleging that the trial court erred in excluding evidence of his bankruptcy, which affected his substantial rights. Attached to Hall's motion for new trial is his affidavit, in which he states:

> [T]he trial court judge would not allow me to testify [about my bankruptcy] nor would he let my trial attorney refer to that fact.  If the jury would have heard this defense, I would have been acquitted.[2]

By way of a written letter to the parties, the trial court denied Hall's motion for new trial without a hearing.  Specifically, the trial court found that Hall was "factually incorrect" in asserting that he was not allowed to put on evidence of his bankruptcy.  This appeal followed.

## II.    Discussion

By his sole issue, Hall contends that the trial court erred in not conducting a hearing on his motion for new trial to determine whether evidence of his bankruptcy was properly excluded.  A defendant's right to an evidentiary hearing on a motion for new trial is not an absolute right, and we will not reverse a trial

---

[2] Also attached to Hall's motion for new trial is the order from the bankruptcy court discharging him from bankruptcy.

3

court's failure to hold a hearing unless the court abused its discretion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). A trial court abuses its discretion in failing to hold a hearing when the motion for new trial and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

In this case, Hall requested a hearing to determine whether the trial court erred in excluding evidence of his bankruptcy. However, the record reflects that the trial court never had an opportunity to rule on the admissibility of Hall's bankruptcy because Hall never sought to introduce this evidence at trial; nor did he request a ruling from the trial court when his testimony broached the subject. As such, the trial court found that Hall's motion raised a matter that was premised on a "factually incorrect" statement of the record—i.e., that the trial court actually made a ruling. The incorrectness of Hall's factual assertion was determinable from the record and therefore did not entitle him to a hearing.[3] *Id.* Moreover, the record reflects that the relevance of Hall's bankruptcy was the subject of the State's pretrial motion in limine, during which the trial court heard and rejected Hall's argument that this evidence was probative of his lack of intent to commit theft.

---

[3] We note that the trial court did grant the State's pretrial motion in limine. However, this ruling was not a ruling on the admissibility of bankruptcy evidence at trial. "A motion in limine is defined as a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court *may* be asked to make so as to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury." *See Onstad v. Wright*, 54 S.W.3d 799, 805 (Tex. App.—Texarkana 2001, pet. denied) (emphasis added). A ruling on a motion in limine "does not purport to be one on the merits but one regarding the administration of the trial." *See Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). The trial court's pretrial ruling on the State's motion in limine did not exclude evidence of Hall's bankruptcy, but merely required Hall to approach the bench and obtain a ruling on the admissibility of that evidence at trial; the record reflects that Hall approached the bench but did not obtain a ruling. Thus, no hearing was required because Hall's failure to obtain this ruling was determinable from the record, regardless of the trial court's previous ruling on the State's motion in limine.

Without providing anything new for the trial court to review, Hall's motion for new trial requested a hearing to revisit this issue—an issue which the parties already addressed prior to trial and which was determinable from the record.[4]  Therefore, we cannot conclude that the trial court abused its discretion in denying Hall's motion for new trial without a hearing.  *See Lempar v. State*, 191 S.W.3d 230, 235 (Tex. App.—San Antonio 2005, pet. ref'd) (holding that the trial court's evidentiary ruling was determinable from the record and therefore did not entitle the defendant to a hearing on his motion for new trial to determine whether the ruling was proper); *see also Hobbs*, 298 S.W.3d at 199.

### III.    Conclusion

We affirm the judgment of the trial court.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

---

[4] For the first time on appeal, Hall challenges the trial court's failure to hold a hearing on the ground that the prosecutor might have been improperly motivated by a desire to aid the theft victim in collecting a debt that had already been discharged in bankruptcy.  *See Cabla v. State*, 6 S.W.3d 543, 550 (Tex. Crim. App. 1999) (Meyers, J., concurring) (advocating for the adoption of the "principal motivation test," in which the subjective motivation of the prosecutor determines the validity of an order requiring a debtor-defendant to pay restitution on a debt that was previously discharged in bankruptcy).  We need not address whether Hall was entitled to a hearing on this ground because the record reflects that he made no mention of it in his motion for new trial or accompanying affidavit, and therefore, the trial court was never presented with the issue.  *See Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009) (observing that no hearing on a new-trial motion is required if the accompanying affidavit fails to set out the factual basis for the claim, or fails to provide notice of the basis for the relief sought).

5