PD-1341-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/2/2015 1:25:19 PM
Accepted 12/4/2015 11:55:19 AM
ABEL ACOSTA
CLERK

NO. **PD-1341-15**

COURT OF APPEALS NO.  **13-14-00044-CR**

---

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

---

**JOHN HALL,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee.

---

### PETITION FOR DISCRETIONARY REVIEW
### OF THE JUDGMENT OF THE THIRTEENTH COURT OF APPEALS
### FOR THE STATE OF TEXAS

---

On Appeal from the 66TH District Court of Hill County, Texas
in Cause No. 36,772
Hon. A. Lee Harris, Presiding

---

### PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

December 4, 2015

ABEL ACOSTA, CLERK

**L. PATRICK DAVIS**
SBN 00795775
115 N. Henderson Street
Fort Worth, Texas   76102
(817)870-1544
(817)870-1589        fax
**lpatdavis@aol.com**

**ATTORNEY FOR APPELLANT**



# LIST OF INTERESTED PARTIES

**DEFENDANT/APPELLANT**

John Hall

**Represented by:**

**Trial:**

Hon. Bill Mason
SBN 13158975
P.O. Box 767
Cleburne, Texas 76033
(817)556-3223

**Appeal:**

Hon. L. Patrick Davis
SBN 00795775
115 N. Henderson Street
Fort Worth, Texas 76102
(817)870-1544
(817)870-1589   fax

**COMPLAINANT**                    **Represented by:**      **Trial/Appeal**

The State of Texas                 Hon. Mark Pratt
                                   Hill County District Attorney
                                   P.O. Box 400
                                   Hillsboro, Texas 76645
                                   (254)582-4070

i

## TABLE OF CONTENTS

List of Interested Parties....................................i

Table of Contents...........................................ii

Index of Authorities.......................................iii

Statement Regarding Oral Argument...........................iv

Statement of the Case........................................1

Procedural History...........................................2

Ground for Review............................................2

**Did the Court of Appeals err in failing to abate Appellant's appeal for an evidentiary hearing on his timely filed motion for new trial to determine the prosecutor's subjective intent in pursuing a theft conviction against Appellant under the "principle motivation" test in accord with the Court of Criminal Appeals' opinion in <u>Cabla v. State</u>, 6 S.W.3d 543, 550 (Tex. Crim. App. 1999)(Meyers, J., concurring)?**

Argument.....................................................3

Prayer.......................................................7

Certificate of Service.......................................7

Certificate of Compliance....................................8

Appendix:

      Memorandum Opinion...........................................A

ii

# INDEX OF AUTHORITIES

**State Cases**

Cabla v. State, 6 S.W.3d 543 (Tex. Crim. App. 1999)............. ................................................................3,5

Ex parte Thompson, 153 S.W.3d 416 (Tex. Crim. App. 2005)......... ............................................................6

Hernandez v. State, 952 S.W.2d 59 (Tex. App.-Austin), *vacated on other grounds*, 957 S.W.2d 851 (Tex. Crim. App. 1998)............3

Jacobson v. State, 398 S.W.3d 195 (Tex. Crim. App. 2013)......... ............................................................6

Martinez v. State, 212 S.W.3d 411 (Tex. App.-Austin 2006, pet. ref'd)......................................................6

McIntire v. State, 698 S.W.2d 652 (Tex. Crim. App. 1986)......... ............................................................3

**Texas Codes, Statutes, and Rules**

TEX. R. EVID. 103(a)........................................3

TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2012)............. ............................................................6

TEX. R. APP. P. 33.1........................................2

**Federal Cases**

Kelly v. Robinson, 479 U.S. 36 (1986)........................... ............................................................4,5

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes oral argument would assist this Honorable Court in reaching a decision in what appears to be a case of first impression. The State of Texas has been using these theft prosecutions to collect debts for a long time now in cases that are essentially civil in nature. In essence, the State has become a collection agency in doing so. This Honorable Court has an opportunity to send the message that this practice by the State will no longer be condoned. Accordingly, this case deserves the give and take of oral argument.

iv

**TO THE JUDGES OF THE HONORABLE COURT OF CRIMINAL APPEALS:**

**NOW COMES JOHN HALL,** Appellant herein, and files this his Petition for Discretionary Review of the judgment of the Thirteenth Court of Appeals for the State of Texas.

## STATEMENT OF THE CASE

On September 11, 2013, Appellant was found guilty of Theft $1500-$20,000, a State Jail Felony. (R.R., Vol. 3, p. 239). The jury sentenced Appellant to 180 days in the State Jail Division of the Texas Department of Criminal Justice, imposed a fine of $2500.00 and further recommended probation/suspension of the State Jail sentence. (C.R., Vol. 1, pp. 23,29). On October 2, 2013, the trial court judge formally sentenced Appellant to probation for five (5) years and assessed restitution in the amount of $19,900.00. (R.R., Vol. 4, p. 13). On November 1, 2013, Appellant timely filed a Motion for New Trial and requested an evidentiary hearing. (C.R., Vo. 1, pp. 40-58). On November 5, 2013, the trial court judge denied the motion without an evidentiary hearing, but did provide a written opinion. (C.R., Vol. 1, p. 59). Appellant timely gave his Notice of Appeal. (C.R., Vol. 1, p. 63).

**--Factual Statement--**

John Hall, a home contractor, contracted to build a home for Mike Carmen in the fall of 2010. (C.R., Vol. 1, p. 4)(R.R., Vol. 2, p. 112). Carmen agreed to finance the deal and agreed to pay Hall twelve percent (12%) over what was paid to the subcontractors.

1

(R.R., Vol. 2, p. 112). Hall went to Somervell Floors, owned by Shirley Williamson, to get the materials needed for the flooring. Somervell Floors provided the materials and the installation to Hall. (R.R., Vol. 2, p. 113). Carmen paid Hall $21,000.00 for both the installation and material. (R.R., Vol. 2, p. 115). Hall never paid Somervell Floors. Hall was indicted for Theft $20,000-$100,000. (C.R., Vol. 1, p. 4). Hall was found guilty of the lesser included State Jail offense of Theft $1500-$20,000. This appeal resulted.

## PROCEDURAL HISTORY

The Court of Appeals affirmed the trial court's judgment and delivered a memorandum opinion on July 16, 2015. Appellant's timely filed motion for rehearing was denied on September 2, 2015. On November 2, 2015, this Honorable Court granted Appellant's second timely motion for extension of time to file his petition for discretionary review and ordered the petition to be filed on or before December 2, 2015.

## GROUND FOR REVIEW

**Did the Court of Appeals err in failing to abate Appellant's appeal for an evidentiary hearing on his timely filed motion for new trial to determine the prosecutor's subjective intent in pursuing a theft conviction against Appellant under the "principle motivation" test in accord with the Court of Criminal Appeals' opinion in <u>Cabla v. State</u>, 6 S.W.3d 543, 550 (Tex. Crim. App. 1999)(Meyers, J., concurring)?**

## ARGUMENT

On July 16, 2015, the Corpus Christi Court affirmed the judgment of the trial court in a memorandum opinion holding, *inter alia*, that the issue of bankruptcy was determinable from the record and that Appellant raised the "principle motivation" test for the first time on appeal and, therefore, Appellant was not entitled to a hearing on his timely filed motion for new trial. The authority cited by the Corpus Christi Court is inapposite in the case at bar to support its position in rejecting Appellant's right to an evidentiary hearing based on the substance of Appellant's motion.

The Corpus Christi Court concedes in its opinion that the trial court rejected Appellant's argument (objection) that the bankruptcy evidence was probative of his lack of intent to commit theft when the State's motion in limine was ruled upon before trial. TEX. R. EVID. 103(a)(1); TEX. R. APP. P. 33.1. A trial court abuses its discretion in overruling a motion for new trial without a hearing if the motion and supporting affidavits, if true, would entitle the defendant to a new trial. <u>Hernandez v. State</u>, 952 S.W.2d 59, 74(Tex. App.-Austin), *vacated on other grounds*, 957 S.W.2d 851 (Tex. Crim. App. 1998). It is well founded that the affidavit is not required to **"reflect every component legally required to establish"** relief. <u>McIntire v. State</u>, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)(emphasis added).

3

In the instant case, Appellant put the trial court on notice that it erred in sustaining the State's motion in limine regarding exclusion of bankruptcy testimony which was an evidentiary ruling based on concession of same from the Corpus Christi Court in its opinion. Appellant even stated in his motion that he would show "further why" at his evidentiary hearing relief should be granted. The Corpus Christi Court instead denied Appellant that right in holding that everything was determinable from the record and Appellant did not specifically mention the "principle motivation" test. Cabla v. State, 6 S.W.3d 543, 550 (Tex. Crim. App. 1999)(Meyers, J., concurring)(advocating for the adoption of the "principle motivation" test in which the subjective motivation of the prosecutor determines the validity of an order requiring the debtor-defendant to pay restitution on a debt that was previously discharged in bankruptcy).

Under the "principal motivation" test, Appellant has the burden of proving by a preponderance of the evidence that the State's principal motivation in pursuing a theft conviction was to collect the debt discharged in bankruptcy and not to enforce the State's criminal statutes. Cabla, 6 S.W.3d at 550 (Meyers, J., concurring); Kelly v. Robinson, 479 U.S. 36, 52-53 (1986). A trial court judge has no input as to whether to initiate criminal proceedings against the accused. That decision lies exclusively with the State.

4

The prosecutor definitely had subjective motivations for bringing the prosecution. The obvious implication of Appellant's allegation was that the State in prosecuting Defendant was motivated by the desire to circumvent the Bankruptcy Code, collect a debt for complainant and not enforce the criminal statutes of the State of Texas. But without the prosecutor's testimony, the record is devoid of those reasons. One can only speculate from the record the prosecutor's reasons in pursuing the prosecution. But in the interest of justice, a hearing on the matter should have been held to obtain the prosecutor's strategy and motivation in the case at bar. Cabla, 6 S.W.3d at 550 (Meyers, J., concurring); Kelly, 479 U.S. at 52-53. The motion raised reasonable grounds for relief that are not determinable from the record upon which Appellant could be entitled to relief if the trial court judge does not believe the testimony of the prosecutor at a hearing on his motion for new trial as to her reasons for pursuing the prosecution against Appellant knowing the debt had been discharged in bankruptcy on May 3, 2011, and never asking the jury to impose incarceration. (C.R., Vol. 1, p. 44)(R.R., Vol. 3, pp. 254-59). Obviously, if Appellant had received incarceration as opposed to probation from the jury, Appellant could not have been made to pay restitution to the complainant.

The documents attached to the motion for new trial show that the debt had been lawfully discharged to the complainant. Without

5

the bankruptcy testimony, Appellant's defense that he simply could not pay and never had the intent to deprive the complainant of said debt was severely compromised and left the jury with no other option based on the evidence but to convict. That in itself undermines the confidence in the conviction sufficiently to convince this Honorable Court that the result of the trial might have been different had the bankruptcy testimony been allowed. By preventing Appellant from presenting this evidence, the trial court infringed on his right to mount a meaningful defense. Martinez v. State, 212 S.W.3d 411, 423 n. 4 (Tex. App.-Austin 2006, pet. ref'd). Accordingly, the trial court abused its discretion by denying Appellant an evidentiary hearing on the motion.

"Our criminal justice system makes two promises to its citizens: a fundamentally fair trial and an accurate result. If either of those two promises are not met, the criminal justice system itself falls into disrepute and will eventually be disregarded." Jacobson v. State, 398 S.W.3d 195, 200 (Tex. Crim. App. 2013), *quoting*, Ex parte Thompson, 153 S.W.3d 416, 421 (Tex. Crim. App. 2005)(Cochran, J., concurring). To deny Appellant an evidentiary hearing at this point in the proceedings and relegate him to litigate this matter in an Article 11.072 writ of habeas corpus is just simply unconscionable and a waste of judicial resources. TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2012). The issue is black and white and properly before the Corpus Christi

6

Court and the trial court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court grant this Petition for Discretionary Review and after a full review hereon reverse the judgment of the Court of Appeals and for any other relief Appellant may be justly entitled.

RESPECTFULLY SUBMITTED,

L. Patrick Davis
SBN 00795775
115 N. Henderson Street
Fort Worth, Texas    76102
(817)870-1544
(817)870-1589    fax
lpatdavis@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

As Attorney of Record for Appellant, I do hereby Certify that a true and correct copy of the above and foregoing document was provided to the Attorney for the State, Hon. Mark Pratt, P.O. Box 400, Hillsboro, Texas 76645 and Hon. Matthew Paul, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 ,via U.S. Mail on December 2, 2015.

7

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I, L. Patrick Davis, hereby state that this document contains approximately 1,544 words exclusive of that contained in the Appendix and those sections excluded by said rule.

L. P. D.

8

**A**



NUMBER 13-14-00044-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN HALL,                                                                       **Appellant,**

**v.**

THE STATE OF TEXAS,                                                      **Appellee.**

### On appeal from the 66th District Court
### of Hill County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, John Hall, guilty of the offense of state-jail-felony theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4) (West, Westlaw through Ch. 46 2015 R.S.). The trial court sentenced Hall to five years' probation and ordered him to pay restitution in the amount of $19,900 as a condition of his probation. Hall filed a motion for new trial alleging that the trial court improperly excluded evidence that was relevant and favorable to his defense; he also requested a hearing on the



motion. The trial court denied Hall's motion for a new trial without a hearing. By one issue, Hall contends that the trial court erred in not holding a hearing before denying his motion for new trial. We affirm.

## I. Background[1]

Hall, a home contractor, contracted to build a home for Mike Carmen in the fall of 2010. Carmen gave Hall $21,000, which was supposed to be paid to Somervell Floors to buy building materials for the project. Shortly thereafter, Somervell Floors delivered the materials to Carmen, but Hall never paid Somervell Floors for the materials. Somervell Floors filed a complaint with the police. After investigating the matter, the State charged Hall with theft.

Prior to trial, the State presented a motion in limine to the trial court. This motion in limine sought to prevent Hall from introducing evidence that he filed for bankruptcy after becoming indebted to Somervell Floors. The State argued that Hall's subsequent bankruptcy was irrelevant to any issue in the case. Hall responded that this evidence was probative of his lack of intent to commit theft. After hearing the arguments of the parties, the trial court granted the State's motion in limine but advised Hall that "[a]s the evidence comes out [at trial], I'm certainly willing to revisit with you [.]"

Hall testified in his defense at trial. When Hall's testimony broached the subject of his bankruptcy, the following exchange occurred:

State: Your Honor, may we approach please?

(At the Bench; on the record)

Defense counsel: Is it the bankruptcy?

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.).

State: That's what he was about to say.

Defense counsel: Okay. Let me just rephrase that.

Trial Court: You all need me?

Defense counsel: Your Honor, I'll rephrase that question.

Hall resumed his testimony on a matter unrelated to bankruptcy. He never obtained a ruling from the trial court on whether evidence of his bankruptcy would have been admissible. At the close of the evidence, the jury found Hall guilty of state-jail-felony theft.

Thereafter, Hall filed a motion for new trial alleging that the trial court erred in excluding evidence of his bankruptcy, which affected his substantial rights. Attached to Hall's motion for new trial is his affidavit, in which he states:

> [T]he trial court judge would not allow me to testify [about my bankruptcy] nor would he let my trial attorney refer to that fact. If the jury would have heard this defense, I would have been acquitted.[2]

By way of a written letter to the parties, the trial court denied Hall's motion for new trial without a hearing. Specifically, the trial court found that Hall was "factually incorrect" in asserting that he was not allowed to put on evidence of his bankruptcy. This appeal followed.

## II.     Discussion

By his sole issue, Hall contends that the trial court erred in not conducting a hearing on his motion for new trial to determine whether evidence of his bankruptcy was properly excluded. A defendant's right to an evidentiary hearing on a motion for new trial is not an absolute right, and we will not reverse a trial

---

[2] Also attached to Hall's motion for new trial is the order from the bankruptcy court discharging him from bankruptcy.

3



court's failure to hold a hearing unless the court abused its discretion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). A trial court abuses its discretion in failing to hold a hearing when the motion for new trial and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

In this case, Hall requested a hearing to determine whether the trial court erred in excluding evidence of his bankruptcy. However, the record reflects that the trial court never had an opportunity to rule on the admissibility of Hall's bankruptcy because Hall never sought to introduce this evidence at trial; nor did he request a ruling from the trial court when his testimony broached the subject. As such, the trial court found that Hall's motion raised a matter that was premised on a "factually incorrect" statement of the record—i.e., that the trial court actually made a ruling. The incorrectness of Hall's factual assertion was determinable from the record and therefore did not entitle him to a hearing.[3] *Id.* Moreover, the record reflects that the relevance of Hall's bankruptcy was the subject of the State's pretrial motion in limine, during which the trial court heard and rejected Hall's argument that this evidence was probative of his lack of intent to commit theft.

---

[3] We note that the trial court did grant the State's pretrial motion in limine. However, this ruling was not a ruling on the admissibility of bankruptcy evidence at trial. "A motion in limine is defined as a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court *may* be asked to make so as to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury." *See Onstad v. Wright*, 54 S.W.3d 799, 805 (Tex. App.—Texarkana 2001, pet. denied) (emphasis added). A ruling on a motion in limine "does not purport to be one on the merits but one regarding the administration of the trial." *See Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). The trial court's pretrial ruling on the State's motion in limine did not exclude evidence of Hall's bankruptcy, but merely required Hall to approach the bench and obtain a ruling on the admissibility of that evidence at trial; the record reflects that Hall approached the bench but did not obtain a ruling. Thus, no hearing was required because Hall's failure to obtain this ruling was determinable from the record, regardless of the trial court's previous ruling on the State's motion in limine.

Without providing anything new for the trial court to review, Hall's motion for new trial requested a hearing to revisit this issue—an issue which the parties already addressed prior to trial and which was determinable from the record.[4] Therefore, we cannot conclude that the trial court abused its discretion in denying Hall's motion for new trial without a hearing. *See Lempar v. State*, 191 S.W.3d 230, 235 (Tex. App.—San Antonio 2005, pet. ref'd) (holding that the trial court's evidentiary ruling was determinable from the record and therefore did not entitle the defendant to a hearing on his motion for new trial to determine whether the ruling was proper); *see also Hobbs*, 298 S.W.3d at 199.

### III. Conclusion

We affirm the judgment of the trial court.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

---

[4] For the first time on appeal, Hall challenges the trial court's failure to hold a hearing on the ground that the prosecutor might have been improperly motivated by a desire to aid the theft victim in collecting a debt that had already been discharged in bankruptcy. *See Cabla v. State*, 6 S.W.3d 543, 550 (Tex. Crim. App. 1999) (Meyers, J., concurring) (advocating for the adoption of the "principal motivation test," in which the subjective motivation of the prosecutor determines the validity of an order requiring a debtor-defendant to pay restitution on a debt that was previously discharged in bankruptcy). We need not address whether Hall was entitled to a hearing on this ground because the record reflects that he made no mention of it in his motion for new trial or accompanying affidavit, and therefore, the trial court was never presented with the issue. *See Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009) (observing that no hearing on a new-trial motion is required if the accompanying affidavit fails to set out the factual basis for the claim, or fails to provide notice of the basis for the relief sought).