

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00451-CR
### NO. 02-16-00452-CR

HAROLD DEWAYNE FERGUSON                                        APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NOS. CR16-0101, CR16-0102

----------

## MEMORANDUM OPINION[1]

----------

In separate causes, Appellant Harold Dewayne Ferguson was charged with evading arrest or detention by vehicle and with possession of a controlled substance. *See* Tex. Penal Code. Ann. § 38.04(b)(2)(A) (West 2016); Tex. Health & Safety Code Ann. § 481.115(a), (c) (West 2017). Both charges contained paragraphs alleging Ferguson was a habitual felony offender,

---

[1]*See* Tex. R. App. P. 47.4.

enhancing the punishment range for each offense to imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017). The trial court called both causes to trial, and before jury selection began, Ferguson pleaded guilty to the evading-arrest charge and true to the ten prior convictions alleged in three separate enhancement paragraphs contained in the indictment. Thereafter, the punishment phase on the evading-arrest charge proceeded before a jury, which assessed Ferguson's punishment for that offense at life imprisonment. Pursuant to a pretrial agreement, Ferguson then pleaded guilty to the possession charge and true to the same enhancements as in the evading-arrest case, and the trial court assessed his punishment for that offense at life imprisonment.

Ferguson appeals his life sentences in two issues. In his first issue, he argues the trial court erred by failing to hold a hearing on his motion for new trial, and in his second issue, he argues the trial court erred by admitting cumulative evidence of his prior convictions. We affirm.

## I. MOTION FOR NEW TRIAL

In his first issue, Ferguson argues the trial court's failure to hold a hearing on his motion for new trial was reversible error. As his sole ground for relief in his motion for new trial, Ferguson alleged that his trial attorney "did not call character witnesses on [his] behalf at the punishment trial in this case." Ferguson supported this allegation with his affidavit, in which he averred,

2

Prior to trial, I gave my [trial counsel] the list of names I wanted as character witnesses for my trial. At trial, my attorney did not call any of my character witnesses to testify on my behalf. At the close of trial, the jury assessed a life sentence in each case. Two of those witnesses, my brother and sister, were present in the courthouse during my trial but were not called as witnesses.

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009). A trial court abuses its discretion by denying a hearing on a motion for new trial if the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.* at 199.

Ferguson bases his complaint on the following exchange during trial, which occurred outside the jury's presence and after he had taken the stand to testify on his own behalf:

> [DEFENSE COUNSEL]: [Mr. Ferguson], we've come to the point in the trial that we can rest or we can put on more evidence. . . . We've come to the conclusion that -- and I want to ask you, is there anything else you want presented?
>
> [FERGUSON]: No, sir.
>
> [DEFENSE COUNSEL]: You're going to have to speak up so they can hear you.
>
> [FERGUSON]: No, sir.
>
> [DEFENSE COUNSEL]: Is there anything else that you want [co-counsel] and I to do?
>
> [FERGUSON]: No, sir.

3

[DEFENSE COUNSEL]: Are you satisfied with our handling of your case?

[FERGUSON]: Yes, sir, I am.

[DEFENSE COUNSEL]: Okay. And are you telling me to go ahead and rest this case at this point?

[FERGUSON]: Yes, sir.

[DEFENSE COUNSEL]: And the next step would be to close. That means that we have nothing left. We tell the Judge we rest our case. He's going to ask the prosecution if they have anything additional. It's my understanding they're going to close, and then they're going to ask us if we close. Are you ready to close our case?

[FERGUSON]: Yes, sir, I guess so.

[DEFENSE COUNSEL]: Well, yes, sir, I guess so is not an answer. Are you ready to close our case?

[FERGUSON]: Yes.

[DEFENSE COUNSEL]: Okay. That's all I've got, Judge.

Ferguson contends that while this exchange arguably shows that his lawyer did not call any additional witnesses because Ferguson simply did not want to call any more witnesses, it also possibly demonstrates that Ferguson misunderstood what his counsel was asking him, and thus was under the impression that only his testimony was coming to a close, not that he was foregoing the opportunity to present other witnesses. He also contends that at a minimum, his affidavit "is some evidence that [he] did not understand the concept of resting and closing and that he wanted his other witnesses to testify." Thus, Ferguson argues, a hearing on his motion for new trial would have allowed the trial court the

4

opportunity to determine whether he intended to waive his right to present additional witnesses.

We note that in addition to the exchange set forth above, the record contains another exchange in which Ferguson's counsel asked Ferguson whether he wanted to present other witnesses in addition to his own testimony. After the State rested its case, and before Ferguson testified on his own behalf, Ferguson's counsel questioned Ferguson under oath and outside the presence of the jury regarding whether he wanted to rest his case without presenting any evidence or whether he wanted to present evidence:

> [DEFENSE COUNSEL]:  Thank you.  [Mr. Ferguson], we are now to the point where the State of Texas has rested their case.
>
> Now there are two things that can happen.  We can rest our case and not put on any evidence, or it's my understanding now and from last night and from other times that we've met with you, that you want to take the witness stand.
>
> [FERGUSON]:  Yes, sir.

Ferguson's counsel then discussed that decision with Ferguson, who insisted upon taking the stand despite his counsel's recommendation that he not do so. Then Ferguson's counsel continued:

> [DEFENSE COUNSEL]:  Is there -- other than your testimony, is there any other thing that you want us to do?
>
> [FERGUSON]:  Not that I'm aware of.
>
> [DEFENSE COUNSEL]:  Not that you're aware of.  Can you think of anything else that you want us to do at this point?
>
> [FERGUSON]:  No, sir.

5

[DEFENSE COUNSEL]:  Is there -- are you satisfied with mine and [co-counsel's] representation up to this point, of course?

[FERGUSON]:  Yes, sir.

[DEFENSE COUNSEL]:  And I'll be asking you that same question after you testify.

[FERGUSON]:  Yes, sir.

[DEFENSE COUNSEL]:  So it's your decision to testify in this case?

[FERGUSON]:  Yes, sir.

[DEFENSE COUNSEL]:  Knowing that -- knowing that it can have consequences and knowing that you don't have to?

[FERGUSON]:  Yes, sir.

In his motion for new trial, the sole matter Ferguson alleged was not determinable from the record was that his trial attorney "did not call character witnesses on [his] behalf at the punishment trial in this case."  But the record shows in two separate places why his trial attorney did not call additional witnesses:  Ferguson stated he did not want him to.  We conclude, therefore, that Ferguson has failed to show that his motion for new trial and accompanying affidavit raised a matter that was not determinable from the record.  *See Hobbs*, 298 S.W.3d at 199.  Accordingly, the trial court did not abuse its discretion by

declining to hold a hearing on that motion.[2]  *See id.*  We overrule Ferguson's first issue.

## II.  ADMISSION OF EVIDENCE

During its case-in-chief, the State offered exhibits one through sixteen, which were pen packets and judgments detailing Ferguson's prior criminal record.  Ferguson lodged a Rule 403 objection that the admission of those exhibits was cumulative because he had already pleaded true to all the prior convictions alleged in the indictment.  *See* Tex. R. Evid. 403.  The trial court overruled that objection and admitted the exhibits.  Later, when cross-examining Ferguson, the State offered exhibit twenty-six, which was a printed-out PowerPoint presentation that summarized Ferguson's criminal history as reflected in the sixteen exhibits mentioned above.  Ferguson also raised a Rule 403 objection to exhibit twenty-six, arguing it, too, was cumulative.  The trial court overruled that objection and admitted the exhibit.  On appeal, Ferguson argues

---

[2]In addition to failing to raise a matter that was not determinable from the record in his motion for new trial, Ferguson likewise failed to establish, or even allege, how failing to call character witnesses would reasonably require the granting of relief in the form of a new trial.  *See Hobbs*, 298 S.W.3d at 199–200.  Ferguson does not allege ineffective assistance of counsel or give other notice of the basis for the relief he sought.  For this additional reason, the trial court did not abuse its discretion by not conducting a hearing on Ferguson's motion for new trial.  *See id.*

7

the trial court abused its discretion by admitting exhibit twenty-six because it was needlessly cumulative.[3]

## A. STANDARD OF REVIEW

A trial court is afforded wide discretion in deciding whether to admit evidence, and we may not disturb such an evidentiary ruling absent an abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). Under this standard, we will uphold a trial court's evidentiary ruling as long as it falls within the zone of reasonable disagreement and was correct under any theory of law applicable to the case. *Id.*

## B. LAW

At the punishment phase of trial, the admissibility of evidence regarding a defendant's prior criminal record is governed by article 37.07 of the code of criminal procedure, which in pertinent part provides,

---

[3]We note that in his brief, Ferguson appears to complain that exhibit twenty-six not only was needlessly cumulative but also that its probative value was substantially outweighed by a danger of unfair prejudice and of misleading the jury. *See* Tex. R. Evid. 403. However, at trial, the only ground he raised for excluding that exhibit was that it was cumulative. Thus, to the extent Ferguson attempts to argue on appeal that the probative value of exhibit twenty-six was substantially outweighed by a danger of either unfair prejudice or misleading the jury, Ferguson failed to preserve those complaints because he did not object on those particular grounds in the trial court. *See* Tex. R. App. P. 33.1(a); *see also Williams v. State*, 930 S.W.2d 898, 901 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (noting that Rule 403 provides five distinct grounds for excluding otherwise relevant evidence, addressing only the grounds appellant specifically raised at trial, and concluding that appellant's general 403 objection failed to preserve any of the five Rule-403 grounds appellant did not specifically raise at trial). We therefore address the only ground Ferguson preserved: that the admission of exhibit twenty-six was needlessly cumulative.

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2017); *see Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008); *Douglas v. State*, Nos. 02-15-00445-CR, 02-15-00446-CR, 2017 WL 444381, at *7 (Tex. App.—Fort Worth Feb. 2, 2017, pet. ref'd) (mem. op., not designated for publication). However, a trial court may exclude evidence that is admissible under article 37.07 if, as relevant here, the probative value of the evidence is substantially outweighed by the danger of needless presentation of cumulative evidence. *See* Tex. R. Evid. 403; *Douglas*, 2017 WL 444381, at *8; *Hurd v. State*, No. 01-06-00579-CR, 2007 WL 4465569, at *2 (Tex. App.—Houston [1st Dist.] June 25, 2008, pet. ref'd) (mem. op., not designated for publication).

## C. APPLICATION

For purposes of our analysis, we assume, without deciding, that the trial court should have excluded exhibit twenty-six under Rule 403 as needlessly cumulative and that, therefore, its admission of that exhibit was an abuse of discretion. *See Lester v. State*, No. 10-07-00215-CR, 2008 WL 3112991, at *2 (Tex. App.—Waco Aug. 6, 2008, pet. ref'd) (mem. op., not designated for publication) ("We assume though, without deciding, that the trial court erred in admitting evidence of the shotgun and move to a harm analysis.").

The admission of evidence that should have been excluded under Rule 403 is generally non-constitutional error. *See* Tex. R. App. P. 44.2; *Hayes v. State*, 85 S.W.3d 809, 816 (Tex. Crim. App. 2002) (applying non-constitutional harm analysis to assumed error that admission of evidence violated Rule 403); *see also Mosier v. State*, No. 02-16-00159-CR, 2017 WL 2375768, at *12 (Tex. App.—Fort Worth June 1, 2017, pet. ref'd) (mem. op., not designated for publication) ("Error in the admission of evidence in violation of rule 403 is generally not constitutional."). We disregard any non-constitutional error, defect, irregularity, or variance that does not affect an appellant's substantial rights. Tex. R. App. P. 44.2(b); *Hayes*, 85 S.W.3d at 816 (stating that in cases of non-constitutional error, "any error that does not affect a substantial right of the appellant is harmless"). We will not overturn a case for a non-constitutional error if, after examining the record as a whole, we have a fair assurance that it did not influence the jury, or influenced them only slightly. *Hayes*, 85 S.W.3d at 816. In assessing the likelihood that the jury's decision was adversely affected by the error, we consider everything in the record. *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014).

With respect to Ferguson's prior criminal history, the record reflects that he pleaded true to all of the enhancement paragraphs contained in the indictment. This fact came before the prospective jurors during both the State's and Ferguson's questioning during voir dire. After a jury was selected, all of the enhancement paragraphs in the indictment were read to the jury, and the trial

10

court informed the jury that Ferguson had pleaded true to all of the allegations. During the State's case-in-chief, it offered, and the trial court admitted, exhibits one through sixteen, which as noted above, were pen packets and judgments detailing Ferguson's prior criminal record. The State then published each of those exhibits to the jury and simply summarized what each exhibit was.

When Ferguson took the stand in his own behalf, his extensive criminal record came before the jury during his direct examination as well. Ferguson testified that his first experience with the criminal justice system occurred when he got caught with methamphetamines. His attorney referenced the fact that all of his prior convictions would be in the jury charge for the jury to see. Ferguson testified that he had been in prison for half of his life because of his prior criminal conduct, and he stated he had always taken responsibility for his conduct by pleading guilty to his prior criminal charges. Ferguson acknowledged again that he had pleaded guilty to all of the enhancements in the indictment. Ferguson's attorney then walked him through those felony enhancements, and Ferguson testified extensively regarding the details of those offenses.

On cross-examination, the State also broached the subject of Ferguson's prior criminal history. The prosecutor questioned Ferguson about his prior convictions, and Ferguson again testified in detail concerning the facts leading to those convictions without any objection. The prosecutor then tendered exhibit twenty-six to Ferguson and asked him if it fairly and accurately summarized his testimony concerning his prior criminal convictions, and Ferguson responded that

11

it did. It was at that point that the prosecutor moved to admit exhibit twenty-six. Then, after the parties rested, the charge was read to the jury. The charge included instructions detailing Ferguson's prior felony convictions as set forth in the indictment and informing the jury that Ferguson had pleaded true to all of them.

The above reflects that Ferguson's criminal record was presented to the jury from the beginning of trial to the end. Ferguson himself testified extensively both on direct examination and cross-examination concerning the details of his prior criminal conduct. And he does not contend that exhibit twenty-six inaccurately or unfairly summarized his criminal history; to the contrary, as noted above, he agreed at trial that exhibit twenty-six fairly and accurately summarized his testimony concerning his prior criminal convictions.

We conclude that, assuming the trial court abused its discretion by admitting exhibit twenty-six, given all of the other evidence that was presented to the jury on the issue of Ferguson's prior criminal history, the record as a whole demonstrates that any such error did not have a substantial or injurious effect on the jury's decision to assess his punishment at life imprisonment and did not affect his substantial rights and was, therefore, harmless. Tex. R. App. P. 44.2(b); *Schmutz*, 440 S.W.3d at 39. We overrule Ferguson's second issue.

## III.  CONCLUSION

Having  overruled  both  of  Ferguson's  issues,  we  affirm  the  trial  court's judgments.  Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 7, 2017

13