# NO. 12-22-00326-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDUARDO AVELAR,* *APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Eduardo Avelar, appeals from his conviction and sentence for aggravated sexual assault of a child. In two issues, he argues that the trial court erred by denying his motion for new trial without a hearing and imposing a sentence constituting cruel and unusual punishment. We affirm.

## BACKGROUND

On June 16, 2022, Appellant was indicted for the offense of aggravated sexual assault of a child. Thereafter, Appellant appeared in court and, after receiving a full admonishment from the trial court, entered a negotiated plea of "guilty," which the trial court accepted. Pursuant to the plea agreement, the trial court deferred a finding of guilt and placed Appellant on probation for ten years. Appellant next appeared in court on December 2 in connection with the State's motion to adjudicate guilt, where he pleaded "true" to one of the alleged probation violations and "not true" to three others. The trial court heard evidence and argument from counsel, found two of the violations "true," and adjudicated Appellant "guilty" of the original offense. The trial court assessed punishment of forty years' imprisonment.

On December 30, Appellant filed a motion for new trial. He alleged entitlement to a new trial because the trial court abused its discretion in adjudicating his guilt, "a lack of due process

and undo [sic] bias led to an unreasonable sentence," and generally "in the interest of justice." On January 26, 2023, the trial court denied Appellant's motion without a hearing thereon. This appeal followed.

**DENIAL OF HEARING**

In his first issue, Appellant argues that the trial court abused its discretion in denying his motion for new trial without a hearing. The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for presenting issues on appeal in the event the motion is denied. *See Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). The opportunity to prepare a record for appellate review makes a hearing on a motion for new trial a critical stage, but such a hearing is not an absolute right. *Id*. We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion and reverse only when the trial judge's decision lies outside the zone of reasonable disagreement. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009).

A hearing is not required when the matters raised in the motion for new trial are determinable from the record. *Id.* at 199. Moreover, to prevent "fishing expeditions," a defendant who has raised matters not determinable from the record in a motion for new trial must additionally establish the existence of reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.*; *Smith*, 286 S.W.3d at 339. A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim. *Hobbs*, 298 S.W.3d at 200. However, if the affidavit is conclusory, is unsupported by facts, or fails to provide the requisite notice of the basis for claimed relief, no hearing is required. *Id.* Appellate review is limited to the trial judge's determination of whether the defendant raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief. *Smith*, 286 S.W.3d at 340. This is because the trial judge's discretion extends only to deciding whether these two requirements are satisfied; if the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing. *Id.*

Assuming without deciding that Appellant's motion for new trial raised matters not determinable from the record, and therefore met the first criterion, Appellant's motion for new trial was not accompanied by an affidavit from either Appellant or any other person. "As a prerequisite to obtaining a hearing on a motion for new trial, the motion must be supported by an

2

affidavit, either of the accused or someone else specifically showing the truth of the grounds of attack." ***Crowell v. State***, 642 S.W.3d 885, 889 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing ***Smith***, 286 S.W.3d at 339). "A trial court does not abuse its discretion if it denies a hearing on a timely motion for new trial that is not supported by affidavits." ***Medina v. State***, No. 05-19-01116-CR, 2021 WL 247965, at \*1 (Tex. App.—Dallas Jan. 26, 2021, pet. ref'd) (mem. op., not designated for publication) (citing ***Klapesky v. State***, 256 S.W.3d 442, 455 (Tex. App.—Austin 2008, pet. ref'd)). Because Appellant did not fulfill this requirement, he was not entitled to a hearing on his motion for new trial, and the trial court did not abuse its discretion in denying Appellant's motion for new trial without holding a hearing. *See* ***Hobbs***, 298 S.W.3d at 200. We overrule Appellant's first issue.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Appellant argues that the sentence of forty years' imprisonment is grossly disproportionate to the crime committed and amounts to cruel and unusual punishment under the United States Constitution and the Texas Constitution. Appellant contends that his sentence is grossly disproportionate to his conduct in committing the offense, and that the trial court should have continued community supervision or imposed a shorter sentence.

Before a complaint may be presented for appellate review, the record must show that Appellant raised the complaint to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see* ***Kim v. State***, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). A complaint that a sentence is grossly disproportionate and constitutes cruel and unusual punishment may be preserved by objecting at the punishment hearing, or when the sentence is pronounced. ***Burt v. State***, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); ***Kim***, 283 S.W.3d at 475. An appellant may raise a sentencing issue for the first time in a motion for new trial only if he did not have an opportunity to object when the sentence was imposed. ***Burt***, 396 S.W.3d at 577 n.4. In this case, the parties disagree as to whether Appellant properly preserved error on this issue. However, assuming *arguendo* that Appellant preserved this complaint for appellate review, we cannot grant him relief because his sentence does not constitute cruel and unusual punishment.

The United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

3

This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010). Similarly, the Texas Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." TEX. CONST. art. 1, § 13. The difference between the Eighth Amendment's "cruel and unusual" phrasing and the Texas Constitution's "cruel or unusual" phrasing is insignificant. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, Appellant was convicted of aggravated sexual assault of a child, a first-degree felony with a punishment range from five to ninety-nine years of imprisonment, or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.32(a); 22.021(e) (West 2023). Thus, the forty-year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant urges this Court to consider the factors originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in **Rummel v. Estelle** in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed. 2d 382 (1980). In **Rummel**, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense Appellant committed—aggravated sexual assault of a child—is far more serious than the combination of offenses committed by the appellant in **Rummel**, while Appellant's sentence is significantly less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** is not unconstitutionally disproportionate, neither is Appellant's sentence in this case. Because we do not find that the threshold test is satisfied, we need not apply the remaining elements of the **Solem** test. Accordingly, we overrule Appellant's second issue.

### DISPOSITION

Having overruled both of Appellant's issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 30, 2023

### NO. 12-22-00326-CR

**EDUARDO AVELAR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1110-22)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*