

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00227-CR

---

ANGEL SERNA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-0688, Honorable William R. Eichman II, Presiding

---

March 20, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Angel Serna, Appellant, raises three issues in this appeal from his conviction for aggravated assault of a family member causing serious bodily injury with a deadly weapon, a first-degree felony.[1] We affirm the judgment of the trial court.

---

[1] TEX. PENAL CODE § 22.02(b)(1)(A).

## BACKGROUND

Appellant and the complainant, Alonso Estrada, are first cousins. At the time of the offense, they were living next door to one another and had a contentious relationship replete with accusations and threats. On the morning of March 5, 2024, Estrada was in his backyard feeding his dogs when he heard the gate open. When Estrada turned around, he was shot in the face. Estrada was knocked to the ground. He looked up and saw Appellant standing over him, trying to squeeze the trigger again. Estrada's son, Ivan, was inside the house and saw the shooting. He ran outside and confronted Appellant, attempting to get the gun away from him. Ivan's uncle came outside to break up the struggle and Appellant then left the scene. Ivan called 911. Police soon located and detained Appellant, who admitted to shooting Estrada. Police then recovered the gun used in the offense from the location Appellant described.

Appellant was charged with aggravated assault of a family member causing serious bodily injury with a deadly weapon. Following a jury trial, Appellant was found guilty of the offense and sentenced to ten years' imprisonment. Appellant's motion for new trial was overruled by operation of law. This appeal followed.

## ANALYSIS

Exclusion of Evidence

In his first issue, Appellant argues that the trial court erred in excluding evidence of Estrada's alleged methamphetamine use, violating Appellant's right to confrontation. When error has been properly preserved, we review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Henley v. State*, 493 S.W.3d

2

77, 82–83 (Tex. Crim. App. 2016). A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement. *Id.* at 83.

At trial, Appellant sought to introduce evidence that Estrada had used methamphetamine in the past, that Appellant had witnessed such drug use, that Appellant was familiar with Estrada's behavior when under the influence of methamphetamine, and that Appellant observed such behavior in Estrada on the morning of the shooting. Specifically, Appellant claims that "the habit of aggressive confrontation when under the influence of methamphetamine is what Appellant sought to demonstrate for the jury." On appeal, Appellant maintains that the trial court's exclusion of this evidence prohibited Appellant from presenting a meaningful and complete defense in violation of his constitutional rights.

The State responds that Appellant did not raise his constitutional right to present a full defense argument with the trial court and it has not been properly preserved. We agree. To preserve a complaint for appellate review, the record must show a specific and timely complaint was made to the trial judge and the trial judge ruled on the complaint. TEX. R. APP. P. 33.1(a). The issue raised on appeal must comport with the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (en banc).

At trial, Appellant argued that evidence related to Estrada's drug use was being offered to show Appellant's state of mind at the time of the offense. Appellant's counsel stated, "[Appellant] gave an oral statement to the police that he engaged in the conduct because he was afraid . . . of the victim. And I think that's part of the reason that we think that . . . is admissible to show those things were going through his mind when he shot at

3

the victim to scare him." The trial court confirmed its understanding that Appellant was "offering it to go to his state of mind at the time and how the defendant was feeling based on that." Appellant did not contend that the trial court's rulings denied him his constitutional right to present a meaningful and complete defense.

Appellant's constitutional right to a meaningful opportunity to present a complete defense arises from the Due Process Clause of the Fourteenth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment, and is a right subject to procedural default. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (en banc) (holding appellant failed to preserve claim he was denied right to present defense and right to due process and due course of law because he did not make such objections at trial). Because Appellant did not make the objection before the trial court that the exclusion of evidence of Estrada's alleged drug use violated Appellant's constitutional rights, he has failed to preserve this issue for our review. Accordingly, Appellant's first issue is overruled.

Ineffective Assistance of Counsel

Appellant asserts, in his second issue, that he received ineffective assistance of counsel during the punishment phase of the trial because his trial counsel failed to present additional witnesses to mitigate the offense. To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003) (en banc). The first prong

4

requires a showing that counsel's performance fell below an objective standard of reasonableness, and the second prong requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Smith v. State*, 286 S.W.3d 333, 340–41 (Tex. Crim. App. 2009).

We begin our *Strickland* analysis with the presumption that counsel was competent and that his decisions "fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *see Strickland*, 466 U.S. at 689 (establishing presumption that actions "might be considered sound trial strategy"). An appellant must affirmatively "prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission" to overcome that presumption and succeed on the first *Strickland* prong. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *see also Landers v. State*, 110 S.W.3d 617, 622 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (noting sound trial strategy presumption "cannot be overcome absent evidence in the record of the attorney's reasons for his conduct"). "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) (en banc).

During the punishment phase, Appellant presented testimony from his pretrial services supervisor, who testified that Appellant was compliant with requirements, and from a community supervision officer, who explained how probation works. Appellant also presented testimony from his younger brother, who testified that Appellant is a good,

5

caring, hardworking person. Appellant's brother stated that Appellant has no criminal history, is not violent, and does not cause trouble. He further testified regarding the challenges of living near Estrada.

In his motion for new trial, Appellant provided affidavits from eight witnesses who indicated their willingness and availability to testify in Appellant's favor during the punishment phase of trial, and from one witness who was called but was not asked certain questions "that would have adduced important and mitigating testimony."[2] The affidavits generally indicate that the individuals would have testified that Appellant is a good, hardworking person who does not cause trouble. Affiants also stated that Estrada regularly harassed Appellant and that Appellant was fearful of Estrada.

Appellant did not develop a record explaining trial counsel's conduct in not presenting additional witnesses during the punishment phase. The record does not reflect whether defense counsel interviewed these individuals or why defense counsel decided not to call them as witnesses. There is simply no evidence to overcome the presumption that trial counsel's failure to call these witnesses was strategic. "A reviewing court cannot speculate as to the reasons why trial counsel acted as he did, rather a reviewing court must presume the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Because the record is silent regarding trial counsel's strategy,

---

[2] Four of the nine affidavits are written in Spanish. No translation from Spanish to English is provided in the record.

6

Appellant's allegation that he provided ineffective assistance is not firmly founded in the record.

Appellant also fails to show that, but for counsel's failure to call these witnesses, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Some of the testimony that would have been offered by the witnesses was already before the jury. For instance, Appellant's uncle testified that Appellant never got in trouble and is a "good guy." Appellant's girlfriend testified that Estrada had a history of harassing her and Appellant. Appellant himself testified regarding Estrada's history of accusations and threats, that he was scared of Estrada, and that Estrada wanted to hurt him. Appellant told the jury that he avoided trouble and that he intended to merely scare Estrada when he fired his gun. All three witnesses testified that the morning's confrontation began because Estrada broke Appellant's window. Appellant has not demonstrated that he would have received a more lenient sentence but for the absence of similar mitigation testimony. We conclude the record does not affirmatively establish alleged ineffective assistance based on the failure to call additional witnesses during the punishment phase of trial.

Appellant's second issue also includes a passing reference to trial counsel's failure to request an instruction on self-defense, alleging that such failure also rose to the level of ineffective assistance of counsel. Deciding which defensive issues to request is a strategic decision left to the lawyer and the client. *See Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998) (en banc) (and cases cited therein). The record does not reveal that this decision was anything other than a strategic decision by Appellant's trial counsel.

7

Moreover, the record does not indicate that the issue was sufficiently raised by the evidence to require an instruction on self-defense.

For the foregoing reasons, we overrule Appellant's second issue.

Hearing on Motion for New Trial

In his final issue, Appellant claims that the trial court erred by failing to hold a hearing on his motion for new trial. Appellant's motion for new trial was premised on (1) the need for an interpreter for his uncle, Humberto Celis, when he testified and (2) trial counsel's alleged ineffective assistance based on failure to present additional mitigation evidence. No hearing was held on the motion and it was overruled by operation of law. We review a trial court's denial of a hearing on a motion for new trial for abuse of discretion, and reverse only when the trial judge's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Smith*, 286 S.W.3d at 339.

A defendant has no absolute right to a hearing on his motion for new trial. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). To obtain a hearing on a motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Smith*, 286 S.W.3d at 340–41.

Appellant has not shown that he was entitled to a hearing on either allegation of ineffective assistance. As set forth above, he has not demonstrated a reasonable likelihood that the presentation of additional mitigating evidence, showing generally that

8

he was a good, hardworking person who had been fearful of Estrada, would have caused the jury to assess a more lenient sentence.  The jury heard such evidence, along with evidence regarding Appellant's suitability for community supervision, from other witnesses.  Similarly, he has not shown how the presence of an interpreter for Celis would have impacted the outcome of the trial in any way.  At trial, Celis clearly testified that Estrada caused many problems for Appellant and that Estrada started the confrontation on the morning of the offense.  Although Appellant alleges generally that Celis became confused during his testimony, Appellant's motion for new trial did not indicate that this confusion resulted in inaccurate testimony or otherwise affected the outcome of the trial.  In short, there are no facts demonstrating that, but for trial counsel's failures, "there is a reasonable likelihood that the outcome of [Appellant's] trial would have been different." *Smith*, 286 S.W.3d at 340–41.

Therefore, we overrule Appellant's third issue.

## CONCLUSION

Having overruled each of Appellant's issues on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.

9